NEW-YORK,
May, 1831.

Koon
v.
Greenman.

---

KOON vs. GREENMAN

Where a *mason* who had contracted to do certain work for another in the building of a house at stipulated prices, the owner having agreed to furnish the necessary materials, quit the job, after having done *part* of the work, in consequence of the neglect of the owner to furnish the materials in season, *it was held*, in an action for the *work done*, that the plaintiff was confined to the *contract prices*, and could not give evidence of the value of the work—*it not appearing* that the work was rendered more expensive to the plaintiff than was contemplated when the contract was made, or than otherwise it would have been in consequence of the neglect of the defendant, or that the plaintiff was obliged to do the work at a less favorable season, or at an additional expense.

The *issuing* of a *summons* in a justice's court is the commencement of a suit; and it was so held in this case, although the justice who issued the summons directed the constable to delay the service of it, the justice having received no instructions to that effect from the plaintiff.

ERROR from the Mayor's court of Troy. In *June*, 1828, *Greenman* agreed to build two stacks of chimnies, and to do other mason work in the building of a dwelling house; the materials to be provided by *Koon*, and the work to be com-

pleted by the 1st *August*, 1828, for which Koon was to pay certain stipulated prices. Greenman commenced the job, but was delayed in his work, by the neglect of Koon to furnish the necessary materials, and in the month of *October*, having performed part of the work, he quit, refused to finish the job, and brought his suit against Koon. On the trial of the cause the above facts being shewn, the plaintiff called witnesses to prove the value of the *work done*, which evidence was objected to by the defendant's counsel, who insisted that if the plaintiff was justified in abandoning the contract, the work done could not be charged for, only at the rate specified in the contract; but the recorder decided that if the jury should find that the contract was abandoned for justifiable causes, the defendant was entitled to recover for the work done, as much as he could prove it to be worth, and was not bound by the rates specified in the contract, and permitted the plaintiff to give evidence of the value of the work. The defendant excepted to the decision.

The defendant proved that on the *sixth* day of December, 1828, he commenced a suit before a justice of the peace, against the plaintiff, by suing out a *summons*, returnable on the seventeenth of December, which was delivered by the justice to a constable on the *sixth* to be served, and was served on the *tenth* of December. When the justice delivered the summons to the constable, he requested him not to serve it until further orders; but made such request without any instructions from Koon, and was induced to do it from the circumstance, that when Koon applied for the summons, he remarked, that possibly the dispute between him and Greenman might be settled, and requested the summons to be made returnable at about as late a day as the law would permit. On the *tenth* day of December, Koon urged the service of the summons. The suit in the *mayor's court* was commenced on the *eighth* day of December. On these facts appearing, the counsel for the defendant insisted that the suit before the justice was a bar to a recovery in the mayor's court, and asked the recorder so to decide, who ruled that the suit before the justice not having been prosecuted with diligence, the constable having been delayed in the service of the summons by the instructions of

the justice, and no orders given for the service until the *tenth* NEW-YORK, day of December, the suit must be deemed to have been com- May, 1831. menced on that day, and therefore was not a bar to the suit in the mayor's court. The defendant again excepted. The ju- v. ry found for the plaintiff for $131$\frac{86}{100}$. The defendant sued Greenman. out a writ of error.

*D. Buel & H. Z. Hayner,* for plaintiff in error.

*D. Gleason & S. Stevens,* for defendant in error.

*By the Court,* SUTHERLAND, J. Where a special contract is rescinded, or performance is prevented by the defendant, and the plaintiff seeks to recover for the work done under the general counts, the defendant may give the special contract in evidence with a view to lessen the quantum of damages. So far as the work was done under the special contract, the prices specified in it are, as a general rule, to be taken as the best evidence of the value of the work. Where it does not appear that the work was rendered more expensive to the plaintiff than was contemplated when the contract was made, or than it otherwise would have been in consequence of the improper interference of the defendant, or of his neglect or omission to perform what by the contract he was bound to do, the contract prices should be held conclusive between the parties. But if the defendant neglect to furnish the materials which he was to find, in due time, so that the plaintiff is obliged to do his work at a less favorable season, and at an additional expense, such additional expense ought to be taken into consideration, and added to the contract price. This was the rule recognized by this court, in *Dubois* v. *The Delaware and Hudson Canal Company,* 4 Wendell, 285, and it appears to me to be the just and legal rule of damages in such cases. 1 Holt. N. P. 236. 1 Stark. R. 275. Peake's Cas. 103. Bull. N. P. 139. 10 Johns. R. 36. Saund. on Plead. 4, 5, 6. The court below erred, therefore, in their decision upon this point.

I think the court also erred in deciding that the suit commenced by Koon against Greenman, before a justice of the peace, was not in judgment of law commenced before this suit.

The summons in that suit was issued and delivered to a constable on the 6th December, 1828, and was served on the 10th. The capias in this suit was issued on the 8th of December. The issuing of the writ, as a general rule, is the commenement of the action. 3 Johns. Cas. 145. 1 Caines, 69. 2 Johns. R. 342. 3 id. 42, 15 id. 326. 18 id. 14. 17 id. 53. 4 Cowen, 158. 5 id. 519. And the issuing of a warrant or summons in a justice's court is the commencement of the suit there. 3 Caines, 133. But it is said in this case that the instructions which the constable swears he received from the justice when the summons was delivered to him, not to serve it until he received further orders, rendered it a dormant writ until those orders were given ; and that they were not given until after the writ in this suit was issued. It is not necessary to decide in this case what would be the effect, under such circumstances, of instructions given by the plaintiff in a writ to the officer to delay the serving of it until further orders ; because the evidence clearly shows, that if any instructions were given by the justice to the constable, they were given without the knowledge or authority of the plaintiff in the summons. The justice, however, says that he merely told the constable that he need not be in a hurry to serve the writ, as there was some probability the parties would come to a settlement : but that he had no authority from Koon to give the officer any instructions to delay the service. The justice was not the agent of the plaintiff for any other purpose than to issue the summons in the usual manner. The rights of the plaintiff ought not to be prejudiced by the unauthorized acts or declarations of the justice.

It is not denied that if the suit before the justice was first commenced, it was a bar to this action, as the plaintiff in this suit was bound to have set off in that suit the subject matter on which this is founded. Laws of 1824, p. 282, § 8. 1 R. L. 389, § 6. 3 Johns. R. 137, 428.

Judgment reversed.