By the COURT.
Slosson, J.
The plaintiff counts on a quantum meruit, for work and labor upon pier Ho. 45, North River.
On the trial, he proved by the Deputy Street Commissioner, that the work "was done under a written contract.
By the contract, it appears that the work was to be done under the direction of the Superintendent of Wharves, and an Inspector to be appointed; and that the payments were tó be made as fob I5ws: one-third when a certain portion of the work was done, one-third when the work.was completed, and the remaining third at the expiration of fifteen .days thereafter — the several payments to be made on the certificates of the Superintendent of" Wharves and Inspector being filed with the Street Commissioner.
The plaintiff then read in evidence two certificates by the Superintendent of Wharves, not signed, however, by any one answering the designation of Inspector, and proved that those two certificates were filed in the office of the Street Commissioner.
*305 He then proved that from the time of the completion of the •work, a lessee of the corporation, under a lease executed before the contract in question, had been in possession of the pier, collecting wharfage; that while the repairs were in progress the lessee paid no rent, but that after they were completed he paid rent to the corporation.
The defendants offered to prove that the plaintiff had failed to perform the work according to the terms of his contract, &c., but the presiding Judge refused to admit the evidence, on the ground that the certificates of the Superintendent concluded the defendants from introducing such evidence, or any evidence tending to contradict or modify such certificates, and a verdict was taken, subject to the opinion of the court.
We think the plaintiff should have set out the contract in his complaint, with proper averments of the fulfilment of the conditions on which his right to receive payments depended.
Where a special contract has been rescinded or abandoned by the parties, or put an end to by the wrongful act of the defendants, the plaintiff may resort to the common counts.
So where the work has been completely executed; so, also, where the work has been done pursuant to the contract, except as to time, and the defendant permits it to be done after the time has expired, the common counts are sufficient; and yet, in the two latter cases, the contract" being still a subsisting one, the plaintiff must produce it upon the trial, in order that it may be seen whether the work has been done in pursuance of it, and whether the stipulated time and mode of payment are such as to warrant a recovery without declaring specially on the contract, and for the further purpose of fixing the amount of damages.
But if the contract contain such special provisions as require an allegation of performance, before the plaintiff would be entitled to recover, then the proper mode of declaring is on the contract itself, and not on the general counts. (Livingston v. Livingston, 10 J. R. 36; Smith v. Smith, 1 Sand. S. C. R. 206; Ladue v. Seymour, 24 Wend. 60; Jewett v. Schroeppel, 4 Cowen, 564; Coon v. Greenman, 7 Wend. 121; Merrill v. Ithaca and Oswego R. R. Co., 16 Wend. 586.)
Such was clearly the rule before the Code, and although the same specialty in pleading may not be now required, the same *306 certainty in the statement of material matters is still required; The plaintiff is now obliged to state the facts which constitute his cause of action, which means, as has been well expressed, “the facts to which the law is to be applied, and from which the judgment of the court is to be deduced.”
• It cannot with propriety be said that the plaintiff has fully stated the facts constituting his cause of action, if his right to a recovery depends upon the fulfilment of special stipulations- in a written contract, and he omits to state the contract itself, and allege a compliance with its conditions as part of his case. We suppose the rule to be the same now as it was before the Code; where the contract, supposing it to be fully executed, contains no special stipulation or condition requiring an averment of performance or fulfilment, a complaint in the general form, for work and labor, stated with sufficient particularity to enable the court, if the facts be admitted or proved, to render judgment, would be sufficient now, as a declaration on the. common counts would have been before the Code, though the production of the contract on the trial would stiff be necessary, for the reasons above stated; but where the contract contains special stipulations or provisions, a compliance with which is necessary to be shown before the plaintiff would be entitled to a verdict, then the contract becomes necessarily a part of the plaintiff's case, and should be set out at length, or in substance, with proper averments, to show that the conditions to the plaintiff’s right of recovery have all been complied with. Such a contract, and such a' performance, or fulfilment of conditions, become facts constituting the plaintiff’s cause of action.
The plaintiff, in the present case, has evidently proceeded upon ' the idea that, the work being fully performed, he had a right to disregard the special contract, except as part of his proof; but on looking into the instrument itself, we find it to contain provisions which constitute conditions precedent to any right of recovery, and performance of which, should, therefore, have been alleged.
Thus, the work was to have been done “in strict conformity” with certain specifications, and the payments were to be. made on the certificates of the Superintendent of Wharves and Inspector being filed with the Street Commissioner.
It may perhaps be conceded, that an allegation of the filing of *307 these certificates would have raised a sufficient presumption that the work had been done in conformity with the specifications, so as to haye dispensed with a distinct averment of compliance with the latter condition; but it is manifest that the plaintiff should have averred, at least, thus much, to show himself entitled to any thing.
The filing of proper certificates was a strict condition, precedent to the obligation of payment. (Smith v. Briggs, 8 Denio, 73.)
As the case stood, therefore, when the plaintiff rested, had the complaint been dismissed on the defendant’s motion, the ruling of the Judge in that respect, would not have been disturbed by the General Term; but the motion was denied, doubtless, in order that other questions involved in the case, materially affecting the merits, might receive the consideration of the court, and as the power of the court to allow amendments in pleadings is now almost unlimited, we think the direction thus given to the case quite as well as to have driven the party to a new action, and subjected him to the entire costs of the present suit.
The principal question thus reserved for consideration was the effect of the certificates of the Superintendent of Wharves— whether they concluded the defendants as to the payment of the price agreed upon, the defendants having offered to show that the plaintiff had failed to perform the work according to the terms of the contract, and that it was but partially and unskilfully done, and the learned Judge having overruled the offer, on the ground that the certificates concluded the defendants from introducing such evidence, or any evidence tending to contradict or modify such certificates.
In considering this question we shall, as requested by the counsel on the argument, also express our views as to the form in which the certificates in question were made.
They simply state that the plaintiff is entitled to his first and sécond payments on the contract for rebuilding pier at the foot of Charlton street, and are signed by Robert Earl, the Superintendent of Wharves, only, there being no signature of a person answering the designation of “Inspector,” as provided in the contract.
By the terms of the contract, the first payment was to be made when the piles were driven, and the caps and ranging timbers *308 laid on; the second, when the entire work was completed, and the third at the expiration of fifteen days thereafter, provided the said pier should be then in good condition, and in every respect according to the specification, and then follows the clause that these payments are to be made on the certificates of the Superintendent of Wharves and Inspector being filed with the Street Commissioner.
In Smith v. Briggs, (3 Denio, 73,) the exact language of the certificate required to be given was specified in the contract, and the court held that the giving of the certificate in the very terms prescribed, or, at least, in its substance and spirit, was a condition precedent to a right of action.
The contract in the present case does not provide for the form of the certificates, nor direct what they shall contain; but, construing them in the connection in which they are mentioned in the contract, we think it clear that it was intended by the parties that they should contain something more than a mere positive assertion that the plaintiff was entitled to his payment. They should have designated the condition and progress of the work at the dates at which they were given — and there is a good reason for this, for otherwise the defendants could not so readily detect a fraud on the part of their officer, should one be attempted.
In the absence of such fraud, or of a palpable mistake on the part of the officer'making the certificates, we suppose that the filing with the Street Commissioner of proper certificates, within the meaning and in pursuance of the terms of the contract, would oblige the defendants to make the payments stipulated for in the contract.
While we cannot approve of the form of the certificates in question, as not expressing what we think it was intended they should express, we should feel reluctant, in the present action, to adjudge them wholly insufficient for that reason, as they were, for all that appears, made in good faith, and have probably followed a common formula in building contracts of this kind. In certifying that the plaintiff was entitled to payment, the officer undoubtedly supposed that he was, in effect, certifying that the work was in that stage of progress or completion, at which, by the terms of the contract, the payment was due; and we should probably, for the purpose of this action, give this construction to *309 them, were it not for another defect in them, already hinted at, and which we consider fatal. They are not signed by any officer answering the designation of “ Inspector.”
The contract provides, that “ the whole work and materials are to he nnder the direction of the Superintendent of Wharves, and the Inspector, to he appointed,” and that “any work done, or materials furnished, which shall not he satisfactory to them, shall be immediately removed, and other work and materials substituted, until they shall he satisfied.” And then, as before stated, provides, as a condition of payment, for the filing with the Street Commissioner of certificates by both these officers.
It is urged, in answer to this objection, that the appointment of the inspector rested with the defendants, and that they are therefore precluded from raising it.
We cannot accede to this view of the matter. It was a part of the contract between the parties, that an inspector should be appointed, and it was the plaintiff’s right to have the appointment made.
There is nothing to show that an inspector was not in fact appointed, nor, assuming that he was not so appointed, that it was exclusively the defendants’ duty to appoint him; and even if it were so, the plaintiff might have enforced the performance of it, if refused by the defendants.
It is enough, that the court sees that the certificates axe not complete by the very terms of the contract, without the signature of that officer, and we hold this defect to be fatal to the certificates in question.
The attention of the Judge was not called to this omission on the. trial, and by an equally singular oversight, no notice appears to have been taken of another omission in the plaintiff’s proof, and which would, of itself, even supposing the certificates proved to have been sufficient, render a new trial necessary.
The plaintiff proved the filing of but two certificates; whereas, the final payment was not to be made until the third certificate was also filed; and it is clear, that the plaintiff could not recover for the whole work 'Until he had shown that this condition had also been complied with.
It was contended that the defendants had accepted the work by receiving rent from their tenant after the repairs were com *310 pleted, and must, therefore, be beld to Rave waived tbe proof of. a strict compbance with tbe terms of tbe contract.
"We do not coincide in tbis view. Tbe premises were rented before tbe contract with tbe defendants was entered into; and tbe tenant, tbougb released from rent during tbe time tbe work'was in progress, bad a right to resume tbe possession immediately after its completion; and as, from tbat time, be was legally bound to pay tbe rent, tbe defendants were legally entitled to receive, it — . tbeir doing so could bave no effect whatever. on tbeir rights and obligations under tbeir contract with tbe plaintiff. There must, therefore, be a new trial, with costs to abide tbe event.