## McConihe *v.* The New York and Erie Railroad Company.

The plaintiff agreed, for a specified price, to build and deliver certain cars to the defendant, who was to furnish iron boxes necessary to their completion. They were completed, except so far as prevented by the default of the defendant in not furnishing the boxes, when they were destroyed by fire in the possession of the plaintiff and without his fault: *Held,* that the property in the unfinished cars and materials remaining in the plaintiff, he was not entitled to recover for his labor or materials.

A judgment for the defendant, on a verdict subject to the opinion of the court, affirmed, though it ought to have been for the plaintiff with nominal damages and costs to the defendant.

APPEAL from the Supreme Court. Action to recover damages upon a contract made between Mallory, the plaintiff's assignor, and the defendant, in December, 1849, by which Mallory was to furnish materials and build fifteen lumber cars for the defendant, for four hundred and seventy-five dollars per car, to be paid for in six months from the average delivery. The contract was subsequently so modified that the company agreed to furnish for the cars the iron boxes of a peculiar model manufactured by the company, the expense of the boxes to be taken from the price of the cars. One four-wheel car was to be completed in thirty days, and one on each day thereafter till the whole number should be completed. Mallory commenced the work immediately, and at great expense selected and purchased the materials (except the boxes) expressly for the cars. Mallory set up seven of the cars and had the work ready to set up the others, and those set up were completed as far as it was possible without the boxes, which the company neglected to furnish. The company did not manufacture the boxes, but they were and could be made only by one Brandt, and he was in the employment of the defendant. Had the company furnished the boxes all the cars could have been completed by the 1st of March, 1850, but in fact were not

The labor as far as proceeded with was performed at great inconvenience, in consequence of the boxes not having been furnished. Mallory expended for materials for the cars, and in labor upon their construction, &c., the sum of $2,159.54. He was unable to obtain insurance upon the materials and property. From the 1st of March, 1850, to the 18th May following, the cars remained in that condition, while Mallory was repeatedly urging the company to furnish the boxes. On the 18th of May, 1850, without any carelessness on the part of Mallory, all the cars and materials, except the iron, were consumed by fire, and the irons were materially injured. After the fire Mallory used such portion of the iron as was available, in making other cars for the company. Mallory was prevented from completing the special contract by the failure of the defendant to furnish the boxes as agreed by it. No specific damages for not furnishing the boxes were proved. Mallory, before the commencement of the action, transferred the claim to the plaintiff. Upon the trial at the circuit the judge directed the jury to render a verdict for the plaintiff for $2,159.54, subject to the opinion of the court at general term, with liberty to the court to render judgment for either party, and if for the plaintiff, then for such sum as the plaintiff might be entitled to recover on the proof in the case. The cause was heard at the general term in the third district, where the facts were found as above stated, and judgment was given thereon for the defendant, from which the plaintiff appealed to this court.

*John K. Porter*, for the appellant.

*D. B. Eaton*, for the respondent.

GROVER, J. The court at general term found the fact that Mallory would have completed the cars had he not been prevented from so doing by the failure of the company to furnish the boxes therefor, according to their agreement. Had this been a contract for work and labor to be performed by Mallory

McConihe *v.* The New York and Erie Railroad Company.

for the defendant, and he had been prevented from completing the contract by a failure of the defendant to perform on its part, he would have been entitled to recover for what he had done under the contract. (*Koon* v. *Greenman*, 7 *Wend.*, 121; *Jones* v. *Judd*, 4 *Comst.*, 412.) That is not this case. Mallory agreed to build for the defendant fifteen lumber cars, from materials to be furnished by him, except the boxes which the defendant agreed to furnish, and the expense of which was to be deducted from the price of the cars. This was in effect an agreement for the sale of the cars, thereafter to be constructed by Mallory, to the defendant, and did not vest any property in the defendant until the cars were completed and delivered. (*Andrews* v. *Durant*, 1 *Kern.*, 35.) In that case the authorities are cited and very ably reviewed, and it is unnecessary again to examine them upon this proposition. It then follows that the cars set up, and materials furnished for those not set up, were the property of Mallory at the time of their destruction by the fire. The rule is that the party in whom the title to property is vested must bear the loss in case of destruction by accident. This rule is not questioned by the appellant, and it is unnecessary to cite the cases establishing it. The defendant cannot be held liable to the plaintiff for the value of the property destroyed, upon the ground that the title had been transferred by Mallory to the company. The ground of liability of the defendant, for the property destroyed, if any, is that the failure to furnish the boxes according to the agreement prevented Mallory from completing and delivering the cars, and rendered it necessary for him to keep the property on hand until it was destroyed by the fire. But this was not the necessary consequence of the failure to deliver the boxes. Mallory might have rescinded the contract and proceeded at once for his damages. The cars and materials would have remained his property and he could have made any use of them he chose. He could have recovered from the defendant the contract price for the cars, deducting therefrom what it would have cost to complete them, and the value of the materials provided for the cars in the condition they then were. But Mallory was

not obliged to take this course. He could insist upon complet ing the cars, and the defendant could not object to the delay in the delivery so long as that delay was occasioned by the neglect of· the company to comply with the agreement· on their part. The plaintiff in this case had not put an end to the contract. The court find that he repeatedly called upon the company to furnish the boxes up to the time of the fire. The contract continued in full force between the parties to that time. The fire was accidental and had no connection with the defendant's breach of the contract; they are therefore not responsible therefor. Had the defendant delivered the boxes on the 1st of May preceding the fire, and had Mallory proceeded to finish the cars pursuant to the contract, and while so proceeding the fire had occurred, I presume no one would have insisted that the defendant was liable for the loss. I do not see that this case differs in a legal view from the one supposed. Mallory was calling upon the company for the boxes to enable him to complete the cars, electing to continue the contract in force. This disposes of the substantial rights of the parties.

The fact is found that no specific damages were proved to have resulted from the delay of the company in delivering the boxes. The plaintiff proved, and the fact is found, that the defendant violated its contract. The plaintiff was therefore entitled to nominal damages. Judgment should have been given therefor for the plaintiff. No important right is affected by the judgment. The plaintiff, had judgment been given for him for a nominal sum, would still have been subjected to costs. The ·verdict was subject to the opinion of the court. This court should give such judgment as the Supreme Court ought to have given. I think this a proper case for the application of the maxim that the law does not regard trifles, and that the judgment should be affirmed.

SELDEN, J., expressed no opinion; all the other judges concurring.

                                        Judgment affirmed.