Moncrief, J.
The contract in question never was rescinded. The referee has not found as matter of fact that it was ; and in the absence of such a finding, a contract having been shown to have been executed, the presumption of law favors its existence as a subsisting agreement. (Fitt v. Cassanet, 4 M. & G. 898.)
Assuming the third finding of fact to be true, and there is an abundance of evidence to support it, there never was a rescission of the contract. Claiming and insisting on the part of the contracting parties, the one that a departure from the contract operated to cancel it, and the other denying that such an effect was produced thereby, is very far from what the law requires. If the plaintiff was right in his view, then he was at liberty to abandon the further prosecution of the work ; if it was rescinded, then the plaintiff could not of his own motion go on and finish a portion of the work ; if a rescission was made, it must have put an end to the contract in toto.
The reply of the plaintiff alleges an abandonment by the defendant; not that there was a rescission of the contract. There never was an abandonment of the contract in respect to the six houses erected by the plaintiff. The referee so finds in his 4th and 6 th findings of fact.
There can be no doubt that upon the defendant refusing to permit the plaintiff to build the nine houses specified in the contract, it was the privilege of the latter to have rescinded and put an end to the contract, but this he did not do; he elected to go on and finish the six houses, and therefore did not *288 rescind. It was said in Lawrence v. Dale, (3 John. Ch. 23, aff. sub nom. McNeven v. Livingston, 17 John. 437,) “ If the law allows a party to abandon a contract while in fieri, he ought, at least, to act promptly and decidedly on the very first discovery of the breach. If he negotiates with' the party afterwards, and permits the work to go on, he certainly waives all right to abandon.”
The plaintiff continued .negotiation and discussion with the defendant during several months while progressing with the work ; this clearly was á waiver of all right to abandon the contract as to the six houses ; that the referee has found the fact that the departure from the contract in not building the other three houses was never waived, will not aid the plaintiff in his' claim for erecting the six houses.
The referee erred in finding as matter of la,w that the contract was abandoned by the parties thereto ; the facts as found by him will not sustain it; the law is well settled that an alteration of or departure from the terms of a contract does not, per se, operate as a rescission, of the whole.
If the findings of fact are to be taken as establishing that the plaintiff “ went on and concluded the work agreed to be done by him, and that the same was in all respects done and performed as was agreed by said contract as to the six houses, then it is asserted that there was no rescission of the contract as to those six houses ; and following the authority in 7 Wend. 121, (Koon v. Greenman, approved in McConihe v. The N. Y. and Erie R. R. Co., 20 N. Y. Rep. 495,) that “so far as the work was done under the special contract, the prices specified in it are, as a general rule, to be taken on the best evidence of the value of the work,” the second and third conclusions of law were also erroneous. The case referred to in Linningdale v. Livingston, (10 John. 36,) as admitting that the special agreement was proper evidence to lessen the quantum of the plaintiff’s damages, is to the same effect. It was proven in 10 John. (supra) that the parties said the price of the logs was to be the sum claimed by the plaintiff; the defendant refusing to permit the plaintiff to complete the contract, the *289 former elected to rescind it and sued for the price agreed to he paid for the part performance.
The judgment must he reversed, and a new trial ordered, with costs to abide the event. The order of reference will be vacated and discharged, without prejudice, 'however, to either party moving for an order of reference, &c. &c.
Monell, J.
A contract can be rescinded only by the consent of all the parties to it. Such consent need ¿not be expressed. If either party without right claims to rescind, the other party need not object, and if he permit it to be rescinded it will be done by mutual consent. (2 Pars, on Gont. 190.) When the defendant refused to permit the plaintiff to complete the remaining three houses mentioned in the contract, and the plaintiff made no objection, I think it was a rescission of the contract by mutual consent. The right of the plaintiff then was to recover the contract price for the work already done, and such damages as he had sustained by th.e refusal of the defendant to have the contract fulfilled. The plaintiff could not go on, against the consent of the defendant, and do more work and claim to recover what it was reasonably worth.
All the cases to which we were referred by the plaintiff’s counsel, hold that after a rescission of a contract a party may recover, upon a quantum meruit, for work already done. The rescission puts an end to the contract, and it cannot be resorted to, to defeat a recovery. It is the same as if no express contract had been made. But none of the cases go so.far as to allow a recovery upon a quantum meruit, for work done after the contract is rescinded.
The case of James v. Cotton, (7 Bing. 266,) in many respects was like the one before us. There the plaintiff requested the defendant not to go on with the other fourteen houses, and he desisted. It was held this was a rescission of the contract by mutual consent, and the plaintiff was allowed to recover the amount advanced, on a count for money lent.
Regarding the contract at an end, at the time the defendant stopped the work, then the plaintiff can recover for work sub *290 sequently done, only upon a new contract, express or implied. There is no evidence of any express agreement; nor is there any for which one can reasonably be implied, and I am unable to find in the case any thing to' support a recovery hy the plaintiff.
If, however, any presumption in favor of the plaintiff arises from the partial performance of the contract, sufficient to imply a new agreement; or if the previous relations of the parties can be resorted to for such purpose, then the defendant is equally entitled to a presumption in his favor; and it will be presumed that he intended the plaintiff should go on under the old contract revived by the implied assent of both parties, the one to do the work and the other to pay according to the terms of the old contract.
If there was any implied assent by the defendant, (without which the plaintiff cannot recover,) it must be that he intended to incur no greater liability than he had previously been under, and he should not, in any event, be held further.
I think the referee clearly erred in the measure of damages allowed the plaintiff, and I therefore concur in reversing the judgment, and awarding a new trial, with costs to abide the event.
I also, think the order of reference should be vacated.
McCuw, J. dissented.
Order of reference vacated.