[No. 205. Decided August 1, 1891.]

JOHN NOYES v. B. A. PUGIN.

BREACH OF CONTRACT—QUANTUM MERUIT—MEASURE OF DAMAGES— EVIDENCE — WEIGHT — INSTRUCTIONS.

In an action by an architect to recover for services, the refusal of the court to set aside a verdict for plaintiff, on the ground that the evidence fails to show any employment of the architect by defendant, is not error, when both parties testified fully and there was a direct conflict in their testimony, as it is for the jury to determine, under all the facts and circumstances before them, upon which side lay the preponderance of evidence.

Where a party performs services under a contract, specifying the price to be paid for doing the whole work agreed on to be done, but is prevented by the act of the other contracting party from doing the whole work, the measure of damages, in an action upon *quantum meruit*, is such a proportion of the contract price as the work done bears to the whole work embraced by the terms of the agreement.

In an action upon a *quantum meruit* for services rendered by an architect, testimony showing the customary price charged by architects for similar services is competent, where there is a conflict of evidence as to whether or not there was a rate of compensation agreed on.

A charge to the jury that plaintiff must establish all his material allegations by a preponderance of the testimony is not erroneous, because the word "testimony" is used in place of "evidence," as it will not be presumed the jury were misled thereby.

(DUNBAR, J., dissents.)

*Appeal from Superior Court, King County.*

The facts are sufficiently stated in the opinion.

*G. E. M. Pratt,* and *Thompson, Edsen & Humphries,* for appellant.

*Strudwick & Peters,* and *Moore & Turner,* for appellee.

The opinion of the court was delivered by

ANDERS, C. J.—This action was brought by respondent in the court below upon a *quantum meruit* for services alleged to have been rendered for and at the request of appellant, as architect in drawing plans and making estimates for the erection of a building to be known as the "Noyes Block" in the city of Seattle. A general denial was filed by the defendant, and upon the issues thus joined a trial was had by a jury, who returned a verdict for plaintiff for the amount claimed in the complaint.

It appears from the record that the plaintiff testified substantially, at the trial, that the defendant, at a certain time and place, told him that two architects (as he recollected or thought) had proposed to make drawings or

sketches of the proposed building, with the understanding that, if the sketches were not adopted by defendant, the latter was to pay nothing for the work, and that he would like to have plaintiff also make such sketches upon the same terms; that plaintiff accepted the proposal, made the sketches, and submitted them to the defendant, who expressed himself satisfied, and stated that they were just what he wanted, and gave plaintiff the order to go on and complete the drawings; that he agreed with defendant to make the drawings and specifications complete, let the contract, and superintend the erection of the building, for three and one-half per cent. of the estimated cost thereof; that he completed the plans, and wrote the specifications in full, with the exception of some minor details as to the interior finish; and that the defendant, on being notified that the plans were ready, refused to accept the same, and denied ever having requested or ordered plaintiff to do the work. The plaintiff estimated the cost of the building according to his plans and specifications at $90,000, and testified that the labor performed by him in making the drawings and specifications was worth two and one-half per cent. of that sum; and in this he was corroborated by other witnesses. Several architects also testified that the usual price charged by architects for drawing plans and specifications and superintending the erection of buildings, or, in other words, for "full professional services," was five per cent. of the estimated cost. The defendant claimed and testified that he never employed or requested plaintiff to make plans and specifications for his building; that the only agreement or understanding between him and plaintiff was that if the latter should submit sketches which should be adopted by defendant, then and in that event he was to pay plaintiff for the work, but not otherwise; and that plaintiff proposed to do the whole work for two and one-half per cent. of the cost of the building; and that plaintiff,

at the time of said proposal, stated that the building could be constructed for $60,000.

The first contention of appellant is that the evidence fails to show any employment of respondent by him, or that he ever requested the latter to perform the labor for which he now seeks compensation, and that the court below erred in not setting aside the verdict for insufficiency of the evidence. Upon that point both parties testified fully; and, there being a direct conflict between the testimony of plaintiff and defendant, it was for the jury to determine, under all the facts and circumstances before them, upon which side lay the preponderance of the evidence; and, not being convinced that the verdict was unwarranted by the evidence, we cannot say that the court erred in refusing to set it aside and grant a new trial upon the ground above indicated.

Counsel for appellant further contend that the court erred in charging the jury as to the measure of damages recoverable by plaintiff. The following is the instruction complained of:

"If you find from the evidence that there was a contract of employment to do the work as claimed by plaintiff, your next inquiry should be, did the plaintiff do the work as requested? If he has, he is entitled to recover what the evidence shows such work to be reasonably worth. Was there a contract to do this work that the plaintiff claims? If there was not, he is not entitled to recover. If there was a contract, and he has performed the work according to that contract, he is entitled to recover what the evidence shows the services were worth."

The point made is that, as the plaintiff claimed to have done the work under a contract whereby he was to receive three and one-half per cent. upon the estimated cost of the building as compensation for his entire services, the jury should have been instructed that he could only recover what the services rendered were worth, at the contract

price. On the other hand, the respondent claims that, as the contract was broken by appellant, he was no longer bound by its terms, and was entitled to recover what he could show his labor was worth; or, in other words, that the law implies a contract, in such cases, to pay the reasonable value of the work done, without regard to the original agreement between the parties. And the question for our determination is, which of the two theories should be adopted in the case at bar. The plaintiff had his choice of two remedies, viz.: Either to bring his action for a breach of the contract—in which event he might have recovered not only the value of the labor actually performed, at the contract price, but also all profits he might have shown would have been realized by him if he had been permitted to do the entire work in accordance with the terms of the agreement—or to disregard the contract and sue for the value of his services. He chose the latter alternative, and must be confined to such an amount as he ought to recover under the circumstances. In regard to the measure of damages, it is a universal and cardinal principle that the person injured shall receive a compensation commensurate with his loss or injury, and no more; and it is a right of the person who is bound to pay this compensation not to be compelled to pay more, except costs. Sutherland on Damages, p. 17, § 1, and cases cited. Applying this principle to the case before us, what should be the compensation of appellant for the work actually done? His labor conferred no benefit upon appellant, because his plans were not adopted or used by the latter; and hence the cases holding that a defendant who has prevented the other party from fully performing his contract of service must pay for benefits received are not applicable to this case. He proved by a number of witnesses that the whole work he agreed to do was worth five per cent. of the cost of the building, which was placed by him at $90,000, and

the part performed was worth two and one-half per cent., and the jury by their verdict awarded him that proportion of $90,000. But he also testified, as we have seen, that he agreed to do the entire work of drawing the plans and specifications, letting the contract and superintending the erection of the building for three and one-half per cent. of the estimated cost. If, therefore, he had performed the whole work according to his agreement, and appellant had neglected or refused to pay him therefor, and he had brought his action upon the common counts for work and labor, instead of suing upon the contract, the measure of the recovery, according to the adjudged cases, would have been the contract price. And, this being so, it is difficult to perceive why the respondent in this case should receive more compensation for the labor actually performed by him than he would have received for the same services had the contract not been broken by appellant. The authorities which hold the contrary doctrine, and maintain that the plaintiff in such cases may recover what his labor was actually worth, without regard to the contract, proceed upon the theory that, if one party to an agreement sees fit to violate it, the law will then step in and imply a new and different one in favor of the other party to the contract. But we think it is rather the province of the law to provide remedies for enforcing contracts, and for indemnifying parties injured by their breach, than to make new and different ones. In cases where one party performs labor for another at his request, and without any stipulation as to remuneration therefor, then it is but just that the party performing should be paid what his services are reasonably worth, as that is presumed to have been their mutual understanding, and as otherwise he would be without remedy; but, when the parties themselves have agreed upon a price to be paid for services rendered by one for the other, that price, so far as it can be made applicable, should be the

measure of compensation for work done under the con-
tract.

The rule is well stated by Sutliff, J., in *Doolittle v.
McCullough*, 12 Ohio St., at pages 366 and 367, as follows:

"But when the special contract is proved, whether by
the plaintiff or defendant, under which the services were
rendered, the special, and not the implied contract must
determine the rights and liabilities of the parties arising
in regard to the services. The price having been deter-
mined and mutually agreed upon by them, neither of the
parties can vary the price so fixed by the contract. Nor,
as to the price of the services actually rendered under the
contract while in force between the parties, can it avail the
plaintiff, bringing his action to recover therefor, that since
the rendering the services the defendant has put an end to
the special contract. The fact would still remain that the
services were rendered under a special contract, and at the
price agreed upon, and expressed by the parties, and if
the action upon the contract so made by the parties, and
terminated by the defendants against the will of the plaint-
iff, be brought to recover damages generally, the same
rule would apply as to the services actually rendered.
The party having rendered the services would be entitled
to recover at the rate agreed upon and stipulated in the
contract between the parties, although of much less value
than the price expressed in the contract; and in like man-
ner the plaintiff would be restricted to the amount stipu-
lated in the contract as the agreed price, although actually
of much greater value."

And on page 369 it is further said that "it may be laid
down as a rule in all such cases, that the express contract
so existing between the parties necessarily furnishes the
measure of damages to the extent of the evidence thereby
afforded, and to the same extent as in actions brought to
recover damages in like cases where the contract continues
in force, and has not been terminated, but only neglected
and unperformed on the part of the defendant." See,
also, *Koon v. Greenman*, 7 Wend. 121; *Bagley v. Bates*,

Wright, 705;. *Chicago v. Tilley,* 103 U. S. 146; *Western v. Sharp,* 14 B. Mon. 177; Field, Damages, 302. We are aware that in a considerable number of decisions found in the books the doctrine is broadly stated that in cases like this the plaintiff may recover the reasonable value of the services rendered, irrespective of the price stipulated and agreed upon by the parties; but we think the more just and equitable rule to be that laid down by the court in *Doolittle v. McCullough, supra.* Upon this question, Mr. Sedgwick, while appearing to incline to the opposite doctrine, in his work on the Measure of Damages (volume 1, pp. 473, 474, 7th ed.), says:

"So, also, if the contract is rescinded, one party stopping the work while the other is ready to proceed. In this case he is at liberty to prove the value of his services, but the contract is, nevertheless, not to be altogether disregarded."

It was not shown in this case that it was impracticable to apportion the value of plaintiff's services according to the rate of compensation claimed to have been stipulated for, and we are therefore of the opinion that the court below should have instructed the jury that, if they found that the plaintiff performed the services claimed to have been rendered by him under a contract specifying the price to be paid for doing the whole work agreed to be done by him, the measure of his recovery would be such a proportion of the contract price as the work done bore to the whole work embraced by the terms of the agreement, and that the failure to so instruct was error.

Counsel for appellant also insist that the court erred in permitting the respondent to show the customary price charged by architects for such services as those rendered by appellant. But from what we have already said it is scarcely necessary to discuss that question. It is sufficient to remark that where no rate of compensation has been

agreed upon, or where there is a conflict of evidence as to whether there was a rate agreed on or not, such testimony is competent; but where a contract for a specified sum is proved, as before stated, the parties must be controlled by it.

It is further contended that the court below erred in charging the jury that before the plaintiff could recover he must establish the truth of all the material allegations of the complaint by a preponderance of the testimony. It is claimed that the court should have used the word "evidence" instead of "testimony," and that a failure to do so was error. While there is, perhaps, a technical legal distinction between the two words, we have no doubt the same meaning was conveyed to the minds of the jury by the word "testimony" that would have been conveyed by the word "evidence," and that appellant was in no wise injured by the charge of the court as given. Indeed, the words, according to Bouvier, are synonymous in meaning, though "evidence" includes "testimony," as well as all other kinds of proof. Bouv. Law Dict:, tit. "Testimony."

The judgment of the court below is reversed, and the cause remanded for a new trial in accordance with this opinion.

STILES, HOYT, and SCOTT, JJ., concur.

DUNBAR, J., dissents.