[No. 17279.   Department One.   September 8, 1922.]

Albert M. Bailey, *Respondent*, v. L. S. Furleigh *et al.*,
*Appellants*.[1]

Work and Labor (5)—Express Contract—Construction.  Where one having a clearing contract employed plaintiff to assist him at $7.00 per day, $3.50 to be paid as the work progressed, and the balance when the work was completed, it being further agreed that plaintiff was to share in the profits after allowing the employer $10 per day, and that the net loss, if any, was to be borne equally, plaintiff was not entitled to anything more than the $3.50 received, where the contract resulted in a net loss more than sufficient to absorb all the balance agreed to be paid.

Damages (73)—Work and Labor (6)—Effect of Discharge—Measure of Damages.  A contract to render services at a fixed price per day fixes the measure of damages, and the employee cannot recover more on a *quantum meruit* upon a discharge before completion of the work.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered December 3, 1921, upon findings in favor of the plaintiff, in an action to foreclose a laborer's lien, tried to the court.  Reversed.

*Poe & Falknor*, for appellants.

*Warren Hardy* and *Cole & Dolby*, for respondent.

Tolman, J.—Respondent, as plaintiff, brought this action to foreclose a claim of lien for work done by him at the request of appellant Furleigh in clearing certain land belonging to appellants McMichael, Maine and Bryant.  From a judgment awarding him the amount prayed for and foreclosing the lien, this appeal is prosecuted.

It appears that appellant Furleigh had a contract with the owners for the clearing of certain land at an

[1]Reported in 208 Pac. 1091.

agreed price, with a time limit, and that a written contract was entered into as follows:

"CONTRACT OF EMPLOYMENT.

"This agreement between L. S. Furleigh, hereinafter called the employer, and Albert M. Bailey, hereinafter called the employee, witnesseth:

"Whereas the employer now has a contract to clear some twenty-four (24) acres of land on Mercer Island and desires to engage the employee to help him clear the entire tract on the following terms, said employee to be allowed the sum of seven (7) dollars per day as wages during the progress of said work, one-half to be paid weekly, and when the work is complete to be allowed a further sum of one half of the net profits, meaning one half of the money remaining after deducting from the contract price the expenses and a sum equal to ten (10) dollars a day, which is to be allowed the employer as his wages;

"Now therefore said L. S. Furleigh hereby agrees and promises to pay Albert M. Bailey the sum of seven dollars per day until the above twenty-four acres is cleared (one half of the wages due to be paid each week, other half to be paid at completion of work) and at the end of that period agrees to account to said Albert M. Bailey as above mentioned, and to pay him a sum equal to one half of net profits, if any, and said Albert M. Bailey, in consideration of the above, agrees to work for said employer as directed till the job is completed. And it being understood by both parties that this is a contract for employment, but that the profits, if any, are to be divided as provided in this agreement, and in case there should be no profits but a loss after the job is completed, the said net loss is to be born by the parties hereto equally.

"Witnesseth our hands, day and date above mentioned.

L. S. Furleigh
"Albert M. Bailey"

Under this contract respondent performed 86½ days work, was paid $3.50 per day for his services as the

work progressed (the last payment being made as the result of a suit therefor prosecuted to judgment in a justice court), and his present claim is for $3.50 per day reserved under the contract to be paid when the work was completed. The work when completed resulted in a loss to Furleigh of some five or six thousand dollars, hence, of course, there were no net profits.

Appellants contend that, at least so far as the landowners are concerned, the contract was one of partnership, and therefore there is no right of lien. The contract does contain many, if not most, of the elements of a partnership agreement, but we find it unnecessary to determine its effect in this particular. Taking the contract as a whole, and construing it liberally to give effect to the intention of the parties, we are convinced that it means, so far as the issues here are concerned, just this, and no more: first, that the wage of $3.50 per day to be paid as the work progressed was absolutely to be paid in any event, and, since that has been paid, the contract in that respect has been fully performed; second, the wage of $3.50 per day to be paid upon completion of the work is an offset to that extent against the wage of $10 per day reserved to Furleigh, and is contingent upon there being money available from the clearing job to pay it; and third, that, if the clearing job proved sufficiently profitable, after respondent had received his full $7 per day, and Furleigh had received his $10 per day, the further profits, if any, were to be divided equally between them.

But it is contended that respondent was discharged and ordered off the work before it was completed, and should now be permitted to recover upon *quantum meruit* the reasonable value of his services. If the discharge be admitted, the answer is that the services

were rendered under the contract and upon the terms therein stated, and though the contract may have been terminated without respondent's will or fault, still the contract furnishes the measure of damages to the extent of the evidence thereby afforded. As was said in *Noyes v. Pugin*, 2 Wash. 653, 27 Pac. 548.

"In cases where one party performs labor for another at his request, and without any stipulation as to remuneration therefor, then it is but just that the party performing should be paid what his services are reasonably worth, as that is presumed to have been their mutual understanding, and as otherwise he would be without remedy; but, when the parties themselves have agreed upon a price to be paid for services rendered by one for the other, that price, so far as it can be made applicable, should be the measure of compensation for work done under the contract."

See, also, the cases there cited.

This being the law of this state, the judgment appealed from was erroneously entered, and must therefore be reversed and the case dismissed. It is so ordered.

PARKER, C. J., FULLERTON, MITCHELL, and BRIDGES, JJ., concur.