[No. 20977. Department Two. April 5, 1928.] ·

JAMES E. HOLBROOK et al., Appellants, v. N. T. McKEE et al., Defendants, E. H. KOHLHASE, Respondent.[1]

[1] TRIAL (157)—FINDINGS AND CONCLUSIONS—CONSTRUCTION AND OPERATION. A finding of fact that plaintiff's attorney was present and participated in the satisfaction of a judgment agreed to by plaintiff, is not overcome by a finding that no satisfactory evidence has been offered why the attorney's lien on the judgment should be cancelled, which is a mere conclusion and not a finding of fact.

[2] ATTORNEY AND CLIENT (47)—COMPENSATION OF ATTORNEY—LIEN —WAIVER. An attorney's lien on a judgment is waived by his participation and presence, by which he acquiesced in his client's satisfaction of the judgment.

[3] APPEAL (389)—REVIEW—AMENDMENTS REGARDED AS MADE. In the absence of a statement of facts, the pleadings will be deemed amended to conform to the evidence and findings.

Appeal from a judgment of the superior court for Cowlitz county, Kirby, J., entered May 9, 1927, upon findings in favor of the defendants, in an action to restrain the enforcement of a judgment and for cancellation of an attorney's lien. Reversed in part.

*Atwell & Moore,* for appellants.

*C. A. Studebaker* and *E. H. Kohlhase,* for respondent.

MAIN, J.—This action was brought for the purpose of restraining the collection and enforcement of a judgment and to cancel an attorney's lien thereon. The cause was tried to the court without a jury and resulted in a judgment enjoining and restraining the defendants from enforcing the judgment complained of, but adjudging that the attorney's lien should not be cancelled or expunged from the record. From that

[1]Reported in 266 Pac. 187.

part of the judgment refusing to cancel the attorney's lien, the plaintiffs appeal.

No statement of facts or bill of exceptions has been brought to this court, and the only question is whether the facts found support the judgment.

On April 30, 1925, one C. E. Buckingham recovered a judgment in the sum of $2,226.34 against Clark Studebaker, as sheriff of Cowlitz county, James E. Holbrook and wife, J. S. Robb and S. J. Moffatt. E. H. Kohlhase was the attorney for Buckingham and filed an attorney's lien on the judgment in the sum of $750. On the same day, Buckingham satisfied the judgment in full as to Studebaker. The trial court found:

"That thereupon and on said 30th day of April, 1925, the said C. E. Buckingham satisfied said judgment in full as to defendant Clark Studebaker, and that Mr. E. H. Kohlhase, attorney for C. E. Buckingham, in said cause, at the time of the entry of said satisfaction, was present with said C. E. Buckingham, and participated in said satisfaction of said judgment, and it further appearing to the court from the evidence of said C. E. Buckingham that the satisfaction of said judgment in full by him as to said Clark Studebaker was pursuant to an agreement between him and the said Studebaker, and that the consideration for said satisfaction was entirely satisfactory to him, Buckingham."

[1] Here is a distinct finding of fact that, at the time Buckingham satisfied the judgment, the attorney claiming the lien was present and "participated in said satisfaction of said judgment." Later in the judgment, the court decreed that "the said judgment is hereby decreed to be satisfied in full and ordered cancelled of record." There also appears in the judgment a statement that "no satisfactory evidence has been offered or other reasons given why said attorney's lien should be cancelled." This is not a finding of

fact, but a conclusion, and does not overcome the previous finding that the attorney was present and participated in the satisfaction of the judgment.

[2] The sole question presented is whether the participation of the attorney in the satisfaction of the judgement destroys his claimed lien. The rule is that an attorney waives his lien by releasing the lien of the judgment on which it exists or by procuring satisfaction of such judgment. In *Goodrich v. McDonald*, 112 N. Y. 157, 19 N. E. 649, after reviewing the authorities upon the question, it was said:

"These authorities are all in harmony with the cases which have been decided in this state (*St. John v. Diefendorf*, 12 Wend. 261; *Marshall v. Meech*, 51 N. Y. 140; *In the Matter of Knapp*, 85 N. Y. 284); and from them it appears to be clear that when by acquiescence of the attorney the money recovered has been paid to his client, or his client has received property in satisfaction of the judgment, he cannot enforce his lien against such money or property, but must look to his client alone for his compensation."

In Jones on Liens (3d ed.), vol. 1, § 231, it is said:

"The attorney waives his lien by his acquiescence in a satisfaction of the judgment by the payment of money or the transfer of property to his client, and he cannot afterwards enforce his lien upon such money or property, but must look to his client alone for his compensation."

Other authorities to the same effect might be cited, but the rule appears to be so well settled, without any dissenting authority, that it does not seem necessary here to further cite the cases. It appears obvious that, if the attorney in the present case was present, as found by the trial court, and participated in the satisfaction of the judgment, he must have acquiesced therein, and under the rule stated he thereby waived his lien.

[3] There is some argument in the respondent's brief to the effect that the pleadings were not sufficient to entitle the appellants to the relief claimed, but this question is not before us. There being no statement of facts or bill of exceptions here, we have no way of knowing but that upon the trial the pleadings were amended, assuming without deciding such amendment was necessary, to conform to the evidence and the findings. *Whitney Chevrolet Co. v. Hatch,* 146 Wash. 440, 263 Pac. 602; *Wise v. Nichols, ante,* p. 375, 266 Pac. 186.

It follows that that part of the judgment appealed from must be reversed, and the cause remanded with direction to the superior court to enter a judgment cancelling the claimed attorney's lien.

MACKINTOSH, C. J., HOLCOMB, ASKREN, and FULLERTON, JJ., concur.