[No. 20995.   Department One.   April 5, 1928.]

S. E. Wise, *Respondent*, v. E. E. Nichols *et al.*,
*Appellants.*[1]

[1] Appeal (389)—Review—Amendments Regarded as Made. In
   the absence of a statement of facts error cannot be assigned on
   overruling a demurrer to the complaint, since it will be pre-
   sumed that the evidence supported the findings, and the com-
   plaint will be deemed amended to conform thereto.

[2] Pleading (104)—Amendment to Conform to Proofs. That
   pleadings should be deemed amended to conform to the proof,
   is not affected by the clerk's minutes of objections to the evi-
   dence and motions for an instructed verdict, which do not show
   the grounds thereof, or that the pleadings were not considered
   amended.

Appeal from a judgment of the superior court for
Clallam county, Ralston, J., entered June 11, 1927,
upon a verdict rendered by the jury in favor of the
plaintiff, in an action on contract.   Affirmed.

*Trumbull, Severyns & Trumbull,* for appellants.

*Q. A. Kaune* and *Wm. J. Conniff,* for respondent.

Tolman, J.—Respondent brought this action as
plaintiff, alleging in his complaint the making of an
oral contract with the defendants, by the terms of
which he was to furnish a certain tug, with its equip-
ment, tools and crew, to do certain booming, rafting
and towing of logs for an agreed compensation of
sixty-five cents per thousand feet, and that the con-
tract required him to prepare certain booming grounds
for the catching and holding of the logs without other
compensation; further alleging that he complied with
the contract, working for a period of thirty-one actual
working days, devoting three-fourths of the actual
working time to the preparation of the rafting and

[1]Reported in 266 Pac. 186.

booming grounds, and that, when he had rafted and boomed less than 400,000 feet of logs, he was discharged without cause. He further alleges that the reasonable value of the work performed with the tug, equipment, tools and crew was the sum of $45 per day, or a total for thirty-one days of $1,395, for which amount he demanded judgment.

To this complaint, a general demurrer was interposed and overruled. The defendants answered, with certain denials, admissions and affirmative matter, and the case was tried to a jury, which rendered a verdict in favor of the plaintiff for $1,124.27. On a motion for a new trial, the verdict was reduced to $800, and from a judgment in that amount on the reduced verdict, the defendants have appealed. No statement of facts is brought to this court.

[1] Appellants seem to contend that the complaint was insufficient as against the demurrer, in that for a breach of a contract the measure of damages is the loss of the profits that would have been earned, if plaintiff had been permitted to carry out the contract, and not the reasonable value of that part performed which was permitted; citing *Davis v. Thurston County,* 119 Wash. 414, 205 Pac. 840, *Bailey v. Furleigh,* 121 Wash. 207, 208 Pac. 1091, and other cases to like effect.

Admitting the rule and assuming that it would have been proper to apply it in ruling upon the demurrer, still, in the absence of any statement of facts showing what occurred upon the trial of the cause, we cannot assume that the judgment entered is erroneous. *Whitney Chevrolet Co. v. Hatch,* 146 Wash. 440, 263 Pac. 602, and cases there cited.

[2] Appellants seek to avoid the rule of the case last cited by bringing here a transcript of the clerk's minutes made at the time of the trial below, which

show that, after the jury was impaneled and before the opening statement was made, they objected to the introduction of any evidence, and at the close of plaintiff's case moved for an instructed verdict. The clerk's minutes do not show the ground of the objection or of the motion. These minutes may be sufficient evidence of those things which are shown, but they are no evidence that other things not so shown did not occur. Under our liberal rule as to the amendment of pleadings to conform to the proof, it is quite evident that the proof offered may have strictly followed the rule laid down in the cases upon which appellants rely, and that the pleadings were considered amended accordingly.

No error in the judgment appearing upon the record, it is affirmed.

MACKINTOSH, C. J., MITCHELL, PARKER, and FRENCH, JJ., concur.