[No. 21576. Department One. March 7, 1929.]

MAY MORRISON, as *Administratrix, Respondent,* v.
PUGET SOUND POWER & LIGHT COMPANY,
*et al., Appellants.*[1]

*F. D. Oakley,* for appellants.
*Leo Teats* and *Ralph Teats,* for respondent.

TOLMAN, J.—Respondent, as plaintiff, brought this
action to recover for the alleged wrongful death of
her husband, the decedent, through coming in contact
with a live wire of a power line belonging to the de-
fendant which, it is charged, had been negligently
broken and left lying on the ground in a country road.
The action was tried to a jury, which returned a ver-
dict against the defendant in the sum of $10,000. On
motion for a new trial, the verdict was, by the court,
reduced to $7895. From a judgment on the reduced
verdict, the defendant has appealed.

A motion, heretofore interposed by the respondent,
to strike the statement of facts, has already been
granted and the statement stricken.

The errors assigned are the denial of a motion for
judgment at the close of the testimony, the denial of
a motion for judgment notwithstanding the verdict

[1]Reported in 275 Pac. 65.

and the denial of the motion for a new trial unconditionally.

Appellant, realizing that, without a statement of facts, we are greatly limited upon the hearing upon the merits, argues only that the complaint shows the deceased to have been a man of seventy-two years of age, retired from active affairs with an income sufficient for his support, and, at the time of his death, engaged only in raising garden vegetables and berries; from which we are asked to draw the conclusion that the verdict, even as reduced, is excessive.

■ The complaint, it must be admitted, is very meager in its allegations as to the earning power of the deceased, and fails to give the age or life expectancy of the wife, for whose benefit the action was prosecuted; but, in the absence of a statement of facts, it must be presumed, if that be necessary to support the judgment, that the complaint was amended upon the trial, or that evidence justifying the verdict was introduced without objection and the complaint thereby considered amended to conform to the proof.

We have so often refused to interfere where facts are involved and no facts are brought here, that a further discussion seems useless. Among recent cases which evidence the long settled rule are *Hutson v. Murrell,* 142 Wash. 404, 253 Pac. 451; *In re Rotter's Estate,* 148 Wash. 285, 268 Pac. 866; *Wise v. Nichols,* 147 Wash. 375, 266 Pac. 186; and *Whitney Chevrolet Co. v. Hatch,* 146 Wash. 440, 263 Pac. 602, and cases there cited.

The judgment appealed from is affirmed.

FULLERTON, MAIN, BEALS, and HOLCOMB, JJ., concur.