[No. 34758. Department One. January 29, 1959.]

WILLIAM E. AHRENS, *Appellant,* v. JOSEPH F. LADLEY *et al., Respondents.*[1]

[1]Reported in 334 P. (2d) 778.

*Don Cary Smith* and *Smith Troy,* for appellant.

*Parker & Parker,* for respondents.

HUNTER, J.—This is an appeal from a judgment of dismissal following an order sustaining a demurrer to the plaintiff's complaint.

The defendant owned a "working share" in a co-operative plywood corporation. He became postmaster at Elma, Washington, and being unable to continue his employment at the plant entered into an oral agreement with the plaintiff whereby the plaintiff agreed to work the share for him, and any wages he received in excess of a certain amount were to be paid to the defendant. They agreed that the plaintiff should work the share as long as the defendant remained postmaster, or until the plaintiff gave two weeks' notice.

The agreement was carried out for four and one-half years. During this time, the defendant received $6,352.30, which was the amount in excess of the wages that the plaintiff was to receive. On May 20, 1957, although the defendant still retained his job as postmaster, the agreement was terminated by him so that his son could use the share to obtain employment at the plywood plant.

The plaintiff then brought this action alleging the oral agreement and the subsequent termination by the defendant, and asked for *restitution* of the $6,352.30 paid by him during the time the agreement was in force. After the demurrer was sustained, upon the ground that the complaint did not state facts sufficient to constitute a cause of action, the plaintiff refused to plead further and the action was dismissed with prejudice. Plaintiff has appealed. The amended complaint reads as follows:

"Plaintiff, for cause of action, alleges:  That

"I.  Plaintiff is a resident of Elma, Grays Harbor County, Washington.

"II.  Defendants, Joseph F. Ladley and Ruby Ladley, are

husband and wife and residents of Elma, Grays Harbor County, Washington.

"III. On or about the 27th day of October, 1952, defendants, who are the owners of Certificate No. 16 of Elma Plywood Corporation, a Washington corporation, and a business of co-operative plywood in which the individual share holders hold so-called 'working' shares, by and through defendant Joseph F. Ladley, who had become postmaster of Elma, Washington, entered into an agreement with plaintiff whereby plaintiff was to work said Share No. 16 upon the following basis:

"1. If plaintiff's pay $2.00 per hour, plaintiff to pay defendants nothing;

"2. If plaintiff's pay $2.50 per hour, plaintiff to pay defendants $35.00 each pay day;

"3. If plaintiff's pay $3.00 per hour, plaintiff to pay defendants $55.00 each pay day; and

"4. If plaintiff's pay $3.50 per hour, plaintiff to pay defendants $85.00 each pay day.

"It was further agreed that this working arrangement would continue so long as defendant Joseph F. Ladley remained postmaster of Elma, Washington, and plaintiff was entitled to withdraw from said agreement upon two weeks notice.

"IV. Plaintiff has, at all times, done and performed all the stipulations, conditions and agreements stated in said contract to be performed on his part at the time and in the manner therein specified, and has paid defendants the total sum of $6,352.30, pursuant thereto.

"V. On or about May 20, 1957, the exact date being unknown to plaintiff, defendant Joseph F. Ladley notified plaintiff that he intended to terminate said contract and have his son, Joseph Ladley, Jr., work said share of plywood stock in plaintiff's place. The said termination and breach of contract was without the consent of plaintiff and took place as of May 23, 1957, and plaintiff is entitled to the restitution of the total sum paid said defendant by him, together with interest thereon at six per cent per annum from the date of payment.

"WHEREFORE, plaintiff prays judgment against defendants and each of them and the marital community of said defendants in the sum of $6,352.30, together with his costs and disbursements therein."

Appellant contends that the facts alleged in his complaint constitute a total breach of the contract and he is therefore

entitled to the remedy of restitution, citing Restatement, Contracts, 718, § 384, which states in part:

"Alternative and Supplementary Remedies.

"(1) Damages and restitution are alternative remedies, only one of which will be given as a remedy for a breach of contract.

". . .

"*Comment on Subsection (1):*

"*a.* The remedy of restitution is given only when there is a total breach justifying the plaintiff in regarding the primary contractual obligation as at an end and acted upon by him as having that effect. . . ."

Appellant also relies on 5 Corbin on Contracts, 461, § 1104, which provides in part:

"Restitution is an Available Remedy only when the Breach is of Vital Importance, Described in Restatement, Contracts, as 'Total'

"In the present chapter we are dealing with restitution as a remedy for breach of contract; a judgment for such restitution is as truly a remedy for a 'breach' as is a judgment for damages. It is true that the courts have often said, and a plaintiff has often alleged, that the contract has been 'rescinded' by the injured party because of the defendant's vital breach. Such a 'rescission' as this is essentially different from one that is based on mutual agreement, both in its operative facts and in its legal effects. Such a 'rescission' is merely an assertion by the injured party that the other has committed a vital breach, that he himself has been discharged from the duty of further performance, and that he asks for a restitutionary remedy. If he desires, he can make identically the same assertions and ask for 'damages' instead of restitution. Also, he may properly ask for damages or restitution in the alternative, leaving his final choice to be made at the actual trial of the case."

■ The appellant, however, is confronted with the further rule, as stated in 5 Corbin on Contracts, 488, § 1111:

". . .

"*If for a part performance by the plaintiff the agreed equivalent apportioned to it in the contract is a definite sum of money, the remedy of restitution of reasonable value is not available. For the part performance rendered, the apportioned equivalent has become a liquidated debt;* in addition to this contract debt the law will not create a non-

contract debt based on reasonable value. This is the same rule and has the same basis as the rule that denies the remedy of restitution to one who has rendered full performance, in case the promised compensation was money and has become a liquidated debt for full value received. . . ." (Italics ours.)

See, also, Restatement, Contracts, 603, 604, § 351.

■ In the instant case the part performance under the contract was the working of the share for which the appellant was to receive the apportioned equivalent of so much per hour, dependent upon the earnings of the share. This was a fixed sum of money determined by the contract and was a liquidated sum to be received by the appellant on each payday. The appellant comes within the ambit of the above rule stated in 5 Corbin on Contracts, 488, § 1111. The remedy of restitution for the reasonable value of his services performed is therefore not available to the appellant.

■ The appellant would, nevertheless, be entitled to relief by way of damages if the facts set forth in his complaint disclose any damages resulting from the breach. *Prichard v. Conway,* 39 Wn. (2d) 117, 234 P. (2d) 872 (1951). However, no facts have been alleged from which it can be inferred that any damages resulted from the breach which have not been paid as determined by the contract. In *Bailey v. Furleigh,* 121 Wash. 207, 208 Pac. 1091 (1922), we said:

" . . . though the contract may have been terminated without respondent's will or fault, *still the contract furnishes the measure of damages to the extent of the evidence thereby afforded.* As was said in *Noyes v. Pugin,* 2 Wash. 653, 27 Pac. 548.

" 'In cases where one party performs labor for another at his request, and without any stipulation as to remuneration therefor, then it is but just that the party performing should be paid what his services are reasonably worth, as that is presumed to have been their mutual understanding, and as otherwise he would be without remedy; *but, when the parties themselves have agreed upon a price to be paid for services rendered by one for the other, that price, so far as it can be made applicable, should be the measure of com-*

*pensation for work done under the contract.'" (Italics ours.)*

The present case is not strictly a work-and-labor contract, but the principle of the *Bailey* case, *supra,* applies as to the measure of compensation for appellant's performance, which is fixed and determined under the contract. Having been paid this compensation, there are no damages remaining resulting from the breach of the contract under the facts as alleged.

The appellant has failed to state a cause of action entitling him to relief under any theory.

The trial court was correct in sustaining the demurrer, and the judgment of dismissal is affirmed.

MALLERY, HILL, FINLEY, and OTT, JJ., concur.