(1 App. Div. 247.)

### BARBER v. KENDALL.

(Supreme Court, Appellate Division, Second Department. February 4, 1896.)

1. RES JUDICATA—MATTERS DETERMINED.

A vendor, by the terms of his contract, agreed to pay off a mortgage on the land conveyed, and on his failure to do so the purchaser sued for

specific performance of the agreement. The vendor answered, alleging that the contract was procured by fraud of the purchaser, and asked that it be canceled, but he did not appear, on the hearing of the case, and judgment was rendered against him that he perform his contract and pay off the mortgage, which he subsequently did. *Held*, that such judgment is not a conclusive adjudication as to the alleged fraud.

2. ESTOPPEL—WAIVER OF FRAUD.

The fact that the vendor in such case suffered the judgment to be taken against him without appearing on the trial, and afterwards performed the judgment, waives the alleged fraud on the part of the purchaser in procuring the contract, and estops him from afterwards suing the purchaser for a rescission of it. Bartlett, J., dissenting, on the ground that plaintiff's acquiescence in the judgment was not clearly established.

Appeal from special term.

Action by Amzi L. Barber against George H. Kendall. The complaint was dismissed on the merits, and plaintiff appeals. Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Niles & Johnson, for appellant.

Tyler, Pratt & Hibbard, for respondent.

CULLEN, J. This is an appeal from a judgment of the special term dismissing the plaintiff's complaint on the merits. The action is to rescind a contract, under which the plaintiff conveyed to the defendant certain real estate, and to compel a reconveyance by the defendant to the plaintiff, on the allegation that the plaintiff was induced to enter into the contract by false and fraudulent representations made by the defendant. The defendant answered, denying the fraud, and also set up, as a bar to the action, a judgment between the parties recovered by the plaintiff under the following circumstances: By the contract between the parties, made September 27, 1890, the plaintiff agreed to pay off and discharge, on or before July 1, 1893, a mortgage on the lands conveyed by him for the sum of $8,000. The plaintiff failed to pay off this mortgage, and in December, 1893, the defendant brought an action against the plaintiff, to compel the latter to specifically perform his covenant in this respect. The plaintiff interposed an answer, admitting the agreement, but charging that the contract was procured by fraudulent representations on the part of the defendant, and praying, as relief, that the contract be decreed fraudulent and void, and be canceled. The cause was brought on for hearing on the issues, and, the defendant in that case failing to appear, judgment was entered that he specifically perform the contract and pay off the mortgage, with which judgment he subsequently complied. When the present action came on for trial, to save time, the parties agreed that the court should first determine whether the action was barred, or could be maintained, and if the court held that it was not barred, the trial should then proceed. On this issue the court decided in favor of the defendant, and the judgment appealed from resulted from that decision. The respondent alleged in his answer, and maintains on this appeal, that the judgment first recovered is a conclusive adjudication on the issues of fact as to the fraud. We think this proposi-

tion incorrect.    The general rule as to the estoppel of a former ad-
judication is well settled, and, so far as it is relevant to this case,
is probably best stated in Pray v. Hegeman, 98 N. Y. 351: "The
estoppel of a former judgment extends to every material matter
within the issues which was expressly litigated and determined, and
also to those matters which, although not expressly determined, are
comprehended and involved in the thing expressly stated and de-
cided, whether they were or were not actually litigated or consid-
ered.    *   *   *   Whatever is expressly implied in the former deci-
sion is, for the purpose of the estoppel, deemed to have been actually
decided."    In the first suit between these parties, the issue of fraud
was not tried or determined, for the plaintiff here failed to appear
on the trial.    The question, then, is whether the defendant's recov-
ery necessarily negatived the plaintiff's claim of fraud.    Fraud, it
is said, vitiates all contracts.    Still, it does not make them void,
but simply voidable, at the election of the party defrauded.    The
recovery of the first judgment necessarily affirmed the existence of
the contract sued on, and also that the contract was, at the time of
rendering the judgment, a valid obligation binding upon both par-
ties.    This, however, is entirely consistent with the fact that the
contract was induced by the defendant's fraud.    "A contract re-
mains a contract until it comes to an end.    In the form of a truism,
it is binding throughout its life.    It is binding, then, until it is
rescinded, unless it is terminated in some other way.    *   *   *   But
fraud would not prevent its coming into existence, and, of course,
could not terminate it;  that is, it is the rescission of the contract,
and fraud is only the ground of the rescission."    Bigelow, Fraud,
73.    So, also, it is elementary law that, in case of a contract induced
by fraud, the party defrauded has his election of remedies, and may
either affirm the contract, and bring his action for damages, or may
rescind the contract.    Till rescinded, the contract is in full force
and effect.    Nor do we think that the fact that the plaintiff, in his
defense in the first action, alleged fraud, increased the effect of the
judgment.    His defense practically was an equitable counterclaim
to rescind the contract, and could have been the subject of an af-
firmative action on his part.    His failure to appear on the trial could
have no greater effect than the dismissal of his complaint for the
same reason in his own suit in equity (Freem. Judgm. § 270), or his
total failure to defend the action.

Though the estoppel of the prior judgment is stated in the deci-
sion to be the ground of the dismissal of the plaintiff's complaint, a
reference to the opinion of the learned trial judge will show that he
placed it on no such ground.    He substantially held that the plain-
tiff, having asserted in his answer the same charges of fraud that
are now made in his complaint, by thereafter acquiescing in that
judgment affirmed the contract, and lost his right to subsequently
rescind it.    We are somewhat embarrassed in the disposition of this
question, from the fact that the decision signed by the justice does
not proceed on that ground, probably from the inadvertence of the
attorney in drawing it, and also by the terms of the agreement under
which the case was tried in piecemeal, and which are, possibly, open

to differences of construction. We think, however, it was the intention of the parties that, if the first action and the judgment therein would, for any reason, whether as an estoppel or otherwise, preclude the plaintiff from successfully maintaining the action, then judgment should be rendered for the defendant, without further proof. In our judgment, the position taken by the trial judge in his opinion was correct. If a party defrauded elects to rescind a contract, he must do so promptly after discovering the fraud, and, if, with knowledge of the fraud, he in any measure carries out the contract, or receives a benefit under it, his election is made, and his right to rescind is gone. Cobb v. Hatfield, 46 N. Y. 533. "The party defrauded, by performing his part of the contract, with a knowledge of the fraud, is deemed to have ratified it, and is precluded thereby from subsequently disaffirming it," though still retaining his right to damages for the fraud. Whitney v. Allaire, 4 Denio, 554. Hence, if the plaintiff, after knowledge of the fraud, had voluntarily paid off the mortgage, he would have unquestionably lost his right to rescind. While we can find no direct authority in point, we cannot see why, on principle, it was not as much his duty to resist compulsory compliance with the terms of the contract as it was to refrain from voluntary compliance. His duty, on discovering the fraud, was to repudiate the contract when and wherever it might be asserted, whether in hostile litigations against him, or in proceedings on his own behalf. We do not see that any oral evidence could have been given which would abrogate the election to affirm the contract, which the pleadings in the earlier action, showing plaintiff knew of the fraud and the judgment therein, necessarily imported, and therefore the judgment appealed from should be affirmed, with costs.

BROWN, P. J., and PRATT and HATCH, JJ., concur.

BARTLETT, J. (dissenting). I agree with Judge CULLEN, that the judgment in the former action was not a bar to the maintenance of the present suit. It seems to me, however, that the plaintiff's acquiescence in that judgment is not so clearly established as conclusively to deprive him of the right to rescind. While he complied with the judgment, he may be able to show that he did so under circumstances of compulsion which prevent that compliance from being in any real sense an election on his part. I think a new trial should be granted.