(72 App. Div. 325.)

JOHNSON v. WEIR et al.

(Supreme Court, Appellate Division, Third Department. May 7, 1902.)

1. ADMINISTRATION OF ESTATES—CLAIMS OF CREDITORS—LIEN ON REALTY OR
PROCEEDS THEREOF.
    Testatrix devised an undivided half interest in her real estate to an
infant, and the other half to her brother, whom she made executor of
her will. *Held*, that in an action for partition of the real estate, brought
by the infant against the brother after her majority, the latter could
not object that a claim of a third party against testatrix's estate was,
not made a lien on the proceeds of the sale, though it had been allowed
by the surrogate.

2. SAME—CLAIMS OF EXECUTOR—OVERPAYMENT TO LEGATEE.
    The will empowered the executor to use the rents and profits of the
whole real estate for the infant's support until she reached the age of
21, and he made certain alleged expenditures in her behalf for board
and other necessities, when he did not at the time have any money in
his hands to which she was entitled. His claim therefor was allowed
by the surrogate's court. It did not appear that he was related to the
infant, or owed any duty to provide her with the alleged necessaries.
*Held*, that the executor was not entitled to have his claim for money

paid out for the infant's support adjudged a lien on the proceeds of the sale.

Appeal from special term, Clinton county.

Action for partition by Martha Ann Johnson against Alexander Weir, impleaded with others. From a judgment directing the sale of premises described in the complaint (70 N. Y. Supp. 1020), and from a judgment confirming the referee's report after the sale, and directing the distribution of the proceeds of sale (74 N. Y. Supp. 358), Weir appeals. Affirmed.

In 1891 Mary Jane Walsh died, the owner of certain real estate and personal property in Clinton county. She left a will by which she devised one-half of all her real estate to Martha Ann Johnson, the plaintiff in this action, and further provided: "But if the said Martha Ann Johnson * * * should die before becoming of the age of twenty-one years, then I give and devise such undivided one-half of said real estate to my brother Thomas Weir." She devised the other one-half of her real estate to her brother Alexander Weir, the appellant herein, and then further provided: "Except that I hereby direct that all the rents and income from the whole of such real estate be collected and received by my executor in trust, and paid over by him to and for the support, education, and maintenance of the said Martha Ann Johnson * * * until she arrives at the age of twenty-one years, and that the possession be given of the undivided one-half to said Martha Ann Johnson, * * * and of the other undivided one-half part to said Alexander Weir. If, however, the said Martha Ann Johnson * * * should die before becoming of the age of twenty-one years, the possession of said one-half thereof shall then be given to said Alexander Weir, and the possession of the other one-half thereof shall then be given to said Thomas." She gave all her personal property, after the payment of her just debts and funeral expenses, to said Martha Ann Johnson. She named Alexander Weir sole executor of the will, and provided: "I give him power to sell any of said real estate, and safely invest proceeds, and use interest of same for said Martha * * * in same manner as rents are directed to be used." This will was admitted to probate and letters testamentary issued to the said Alexander Weir on the 25th day of May, 1891. On the 9th day of October, 1899, Alexander Weir rendered to the surrogate's court an account as such executor. A citation was issued to said Martha Ann Johnson. She was then under 21 years of age, and a special guardian was appointed, and appeared for her in the proceeding. By the decree then entered the said executor was charged with the inventory, and increase thereon, and other property not inventoried, amounting to $1,595; and he was credited with decrease on inventory, costs and expenses of administration, funeral expenses, commissions, debts, and other credits allowed, but not specified in the decree, amounting to $1,471; and the decree finds that there is a balance in the hands of the executor of $124, consisting of uninventoried specific articles of household property. The decree then provides: "And the said accounts having been settled and adjusted as above stated, and the summary statement recorded, it is further ordered that said accounts be, and the same are hereby, settled, allowed, and adjusted by said surrogate as above stated. And the said executor having presented, as trustee under the will of said Mary Jane Walsh, deceased, an account for the board, lodging, and other services and disbursements rendered and made by said Alexander Weir for said Martha Ann Johnson, commonly called Martha Walsh, the legatee of the personalty of said testatrix, and the devisee of one-half of the real estate of said testatrix, and of the income of said real estate, until the said Martha shall become of the age of twenty-one years, at which time the real estate, or its proceeds of sale thereof, are to be equally divided between said Martha and said Alexander Weir, one-half to each, which said account or claim of said Alexander Weir amounts to the sum of $1,408.02, it is hereby ordered, adjudged, and decreed that said last-named account, amounting to the sum of $1,408.02, is a valid claim against the estate of Mary Jane Walsh afore-

said, and that the same be, and hereby is, allowed and decreed to be paid to said Weir in the amount hereinbefore stated. And whereas Lucy Weir, of Plattsburg, New York, has presented, as assignee thereof, an account or claim of one Betty Reed, now deceased, against the estate of said Mary Jane Walsh, for three hundred dollars, which claim was duly allowed by said executor during the six years immediately succeeding the death of said Mary Jane Walsh, ordered, adjudged, and decreed that the said claim of said creditor, Betty Reed, so assigned to said Lucy Weir, is a valid claim against said estate of said Mary Jane Walsh, to be paid in due course of administration of said estate; and said Weir is also to be repaid one-half principal paid in on Burdo contract, which is charged by him to himself above."

The real estate of testatrix was not sold by the executor under the power of sale contained in the will. After plaintiff became 21 years of age, she brought this action for the partition of the real estate. The defendant Alexander Weir answered the complaint, and alleged the making and entry of the decree of October 9, 1899, and asked that the claims mentioned in said decree be decreed and declared a lien upon the proceeds arising from the sale of said real estate, and that the same be adjudged and decreed to be paid from the proceeds arising from such sale, and that such proceeds of sale be paid into the surrogate's court for distribution according to law. On the trial of the action, besides the formal proof, the defendant offered in evidence the said surrogate's decree; and the court found that there were no liens upon the real estate sought to be partitioned, or upon the undivided share of the plaintiff and the defendant Alexander Weir, and a judgment was entered directing a sale of the real estate by a referee. The real estate has been sold under such interlocutory decree for $2,085. The report of the referee has been confirmed, and judgment has been entered directing the distribution of the net proceeds of sale between the plaintiff and the defendant Alexander Weir.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

C. J. Vert, for appellant.
S. L. Wheeler, for respondent.

CHASE, J. The testatrix did not, by her will, make her debts a charge or lien on her real estate. The surrogate's decree did not in terms, nor as a matter of law, make the claims in said decree mentioned a lien on such real estate. Appellant claims, however, that the special term, in determining the rights of the parties to the action, should have adjudged and decreed that the items of $1,408.02 and $300, respectively, mentioned in said decree, are equitable liens on the whole of said real estate, and that the court should have directed that the same be paid from the proceeds of sale. The claim of $300 is in favor of one Lucy Weir. Whether she is the wife of the appellant, and the same person named in the summons as Lucy M. Weir, does not appear. The statute of limitations had apparently run against her claim, even prior to the entry of the surrogate's decree. Such claimant is either not a party to this action, or, if a party, she has made default in appearing and pleading. We fail to see how such account is now an equitable lien on the real estate, or how appellant is interested to have a review of the judgment in this court, so far as that claim is concerned.

The only evidence of appellant's claim of $1,408.02 consists of the surrogate's decree. The decree shows that appellant then had in his hands a balance of $124 of the personal estate of testatrix, and it

does not appear what he has done with such balance. The decree does not disclose that appellant has ever accounted for any rents and income of the real estate since the death of the testatrix, in 1891. The recitals in the decree show that appellant rendered an account as executor, and that a citation was thereupon issued; and the decree then contains other formal recitals, and the summary statement of receipts and disbursements of the personal estate, after which is the part quoted, by which it will be seen that appellant's account as executor was settled, allowed, and adjusted as stated. Thereupon follows a statement showing that appellant presented an account as trustee under the will of testatrix. The only trust mentioned in the will, as distinguished from the ordinary duties of an executor, is for the collection of the rent and income of the real estate, and payment of the same to and for the support, education, and maintenance of the plaintiff, and, in case of a sale of the real estate, for the investment of the proceeds and payment of the income in the same manner as said rents are directed to be paid. The decree does not show any receipts by appellant as such trustee, but recites an account for board, lodging, and other services and disbursements rendered and made by Alexander Weir for Martha Ann Johnson. The claim is in behalf of Alexander Weir individually, and the court proceeds to find affirmatively that "the sum of $1,408.02 is a valid claim against the estate of Mary Jane Walsh aforesaid, and that the same be, and hereby is, allowed and decreed to be paid to said Weir in the amount hereinbefore stated." This is not a case where an executor, having the funds of an estate in his hands, undistributed, all or some part of which belongs to an infant, advances money for the necessary support of such infant, and asks to be allowed for such past maintenance; but it is a claim by an executor, in his individual capacity, to recover for board and other alleged necessaries against an infant, when he did not at any time have any money in his hands to which such infant was entitled, or from which the said infant, by the proceeding mentioned in section 2846 of the Code of Civil Procedure, could have obtained an order for such payment. An ordinary citation for an accounting by an executor does not call upon the infant to defend an affirmative claim like that of the appellant. Apparently, there is no relationship between plaintiff and the appellant, and there was no duty resting upon the appellant to furnish the plaintiff with board and other alleged necessaries.

We are of the opinion that the appellant did not sufficiently establish his claim against the plaintiff to require the court to consider whether, in a determination of the rights of the parties in an action for partition, such a claim should be decreed to be paid from the proceeds of sale. It is unnecessary for us to consider the many other questions that arise in this case, or the legal objections urged by the plaintiff against making such a decree as desired by the appellant, in any event.

Judgment is affirmed, with costs. All concur.