In the Matter of the Judicial Settlement of the Accounts of
PAUL F. BUSSMAN, as Administrator, etc., of ANTON BUSS-
MAN, Deceased.

REGINA BUSSMAN, as Administratrix de Bonis Non of the
Estate of ANTON BUSSMAN, Deceased, Appellant; PETER
W. VAN PEYMA and Others, Respondents.

Fourth Department, March 6, 1918.

**Decedent's estate — account of deceased administrator — admin-
istration de bonis non — sale of stock by administrator to him-
self — disbursements by administrator relating to real property.**

Appeal by an administratrix *de bonis non* from a decree of the Surrogate's
Court settling the accounts of a deceased administrator. The appellant
contends that the accounts of the administrator should be surcharged
with the profits he made on a sale to himself of shares of stock belonging
to the estate and also that they should be surcharged with moneys
expended for repairs, insurance and taxes on real estate. The Surro-
gate's Court refused to surcharge the account with said items. Evidence
examined, and *held*, that the Appellate Division should not finally dispose
of the matter, but remit the proceedings to the surrogate for further
proof respecting the matters in controversy.

An administrator has nothing to do with disbursements relating to real estate.

An administrator who sells to himself stock belonging to the estate is
chargeable with the profits he made by such sale and his liability is not
limited to what the stock was worth when he sold it to himself.

APPEAL by Regina Bussman, as administratrix *de bonis non*,
from a decree of the Surrogate's Court of the county of Erie,
entered in the office of said Surrogate's Court on the 21st
day of April, 1917.

*Dilworth M. Silver*, for the appellant.

*Loomis & Gibbs [Frank M. Loomis* of counsel], for the
respondents Peter W. Van Peyma and another.

*Leroy Andrus*, for the respondents Jacob Voght and others.

KRUSE, P. J.:

An accounting was had in this matter, but upon application
of the administratrix *de bonis non* it was opened. She claimed
that the account of the administrator should be surcharged
with the profits he made on a sale of certain shares of stock

of which she had no knowledge until after the surrogate had passed the accounts. She was not only defeated in her attempt to so surcharge, but the account was credited with allowances not included in the original account, making the balance for distribution less than before.

It appears that Anton Bussman died intestate on June 11, 1898. He left a widow (who is the appellant, administratrix *de bonis non*) and two sons; one a minor. The adult son was appointed administrator soon after the death of his father, and died December 19, 1912, without making any account of his proceedings. On October 8, 1913, the son's widow was appointed administratrix and within a few days thereafter the appellant was appointed administratrix *de bonis non*. On February 20, 1902, a decree was made by the surrogate which purported to release the first set of sureties upon the bond of the original administrator and a new bond was filed with other sureties, the appellant being one of them. It is claimed that the surety release proceedings are ineffective because no citation was issued. However that may be, I think the question is not here because the surrogate refused to decide that question and perhaps it may never arise.

There are but two matters which I think require discussion — the failure to surcharge the profits and the allowance for repairs, insurance and taxes paid by the deceased administrator on account of certain real property left by intestate and in which the widow and the two sons became interested upon his death. It seems that this real property was sold three or four years ago on partition sale, but before that was done these disbursements had been made by the adult son who was acting as administrator and also had charge of the real property. Of course, as administrator he had nothing to do with these disbursements (*Matter of Selleck*, 111 N. Y. 284), but it may be that the widow assented thereto and the circumstances are such as to show that it was understood that they should be regarded as payments upon and charged against her distributive share, and that the matter should be adjusted upon this accounting. The proof, however, is very unsatisfactory to establish that to be a fact, and besides he collected rents which have not been accounted for and should be charged against the claim for these disbursements. It is true that

the evidence as to rents received is not very satisfactory, but there is some evidence, and furthermore, it devolves upon the personal representatives of the deceased administrator to make the account. If they are unable to make the account it is their misfortune. As to the profits upon the stock it seems that the surrogate refused to charge the administrator with any profits because there is no evidence as to what the stock was worth at the time he undertook to sell it to himself, but that is not the rule. He must account for what he received. It was appraised at $4,000, and he sold it for $6,850, making a profit of $2,850. His liability is not limited to what the stock was worth when he sold it to himself. (1 Perry Trusts, § 197. See also, §§ 428, 429.) I think the account should have been surcharged with the profits and that the claim arising out of the real estate disbursements should not have been allowed. Under the circumstances, I think it better not to finally dispose of these matters here but to remit the proceeding to the surrogate where further proof may be given respecting the matters in controversy.

The decree should be reversed and the proceedings remitted to the Surrogate's Court, costs of this appeal to abide the final award of costs.

All concurred.

Decree reversed and proceeding remitted to the Surrogate's Court, with costs of this appeal to abide final award of costs.