ARTHUR N. WISE and Another, Plaintiffs, *v.* ELIZABETH H. WEDLAKE, Defendant.

Fourth Department, June 29, 1926.

Vendor and purchaser — action by vendors for specific performance — vendors acquired title at sale of property to pay debts of decedent — property was sold to pay taxes accruing during life tenancy, expenses of last sickness and funeral expenses of life tenant — said claims are not debts of decedent within Surrogate's Court Act, § 314, subd. 3 — surrogate acquired no jurisdiction — decree was void — defendant has right to attack decree collaterally — plaintiffs do not have marketable title.

The plaintiffs, vendors, cannot enforce the specific performance of a contract for the sale of land for they have not a marketable title thereto, since it appears that they acquired the property at a sale thereof to pay the debts of the decedent, which sale was made by virtue of a decree of the Surrogate's Court; that the property was sold to pay taxes accruing during the life tenancy and to pay also the expenses of the last sickness and the funeral expenses of the life tenant.

The surrogate did not have jurisdiction of the proceedings to sell the real property of the decedent, since the claims forming the basis of the sale were not debts of the decedent within subdivision 3 of section 314 of the Surrogate's Court Act.

The defendant had the right to attack collaterally the decree under which the sale was made to the plaintiffs, and on such an attack the jurisdiction of the surrogate is only presumptive under section 43 of the Surrogate's Court Act.

The decree under which the sale was made is void, since it appears that there being no debts of the decedent requiring the sale of the real property there was an absence of jurisdictional facts giving warrant for the sale.

SUBMISSION of a controversy upon an agreed statement of facts, pursuant to section 546 of the Civil Practice Act.

*John Leo Sullivan,* for the plaintiffs.

*John L. Hurlbert* [*A. B. Towne* of counsel], for the defendant.

DAVIS, J. The defendant entered into a written contract with the plaintiffs on November 28, 1925, for the purchase of certain real property in Chautauqua county. She has refused to complete the purchase, alleging that the plaintiffs cannot convey marketable title. The plaintiffs seek judgment for specific performance. A question relative to the validity of the title is framed and the facts are agreed upon in submitting this controversy.

The immediate source of plaintiffs' title is a sale of the property

to pay a decedent's debts by virtue of a decree of the Surrogate's Court of Chautauqua county. No purpose other than the payment of debts is mentioned in petition or decree, except charges and expenses arising on this proceeding. There are no infants. Nothing was said about a sale for the payment and distribution of shares to absentees. If jurisdiction was acquired, it was on the ground that it was necessary to sell the property to pay debts. Defendant challenges the jurisdiction of the court to decree such sale on the ground that there were no debts and that part of the property had been aliened by a devisee some years before.

Nicholas Wise was the owner of the property. He died in 1902 leaving a will since duly probated, in which a life estate in all his real and personal property was given to his wife with remainder to their children. The life estate terminated May 25, 1924, upon the death of the widow. What little personal property he left had then been consumed. There was no outstanding and unpaid indebtedness incurred by the decedent. The only debts stated in the petition filed in Surrogate's Court February 3, 1925, on the application for a sale of the decedent's real property, were taxes on the real estate which the life tenant had neglected to pay and a part of which had been paid by a remainderman, aggregating about $900; and the expenses incurred during the last sickness of the widow and for her funeral expenses, amounting to about $400. If these were debts of the decedent chargeable to his estate, then the Surrogate's Court had jurisdiction. (Surrogate's Court Act, §§ 233, 234.)

The word " debts " as applied to claims against the estate of a decedent, has a definite and somewhat limited meaning. The word " includes every claim and demand, upon which a judgment for a sum of money, or directing the payment of money, could be recovered in an action." (Surrogate's Court Act, § 314, subd. 3.)

A " debt " arises on some obligation of the decedent himself. It does not include liabilities incurred subsequent to his decease. The death of the widow occurred more than twenty years after that of testator. The expenses incurred during her last sickness and for her funeral do not constitute debts against his estate or liens on the real property devised by his will. (*Matter of Alden,* 75 Misc. 436; *Johnson* v. *Weir,* 72 App. Div. 325; 21 C. J. 940, § 72, and cases cited.)

A tax is a fixed charge made on persons or property by authority of the State for the expenses of government. It is not based on contract but operates *in invitum.* It differs from a debt created by agreement, express or implied. (*Lane County* v. *Oregon,* 7 Wall. 71; *City of New York* v. *McLean,* 57 App. Div. 601; affd., 170 N. Y.

374.) A tax on real estate, though not strictly a debt, may be charged against the estate of a decedent and paid if it was based on an assessment made before his death. (Surrogate's Court Act, § 212; *Matter of Babcock*, 52 Hun, 142; affd., 115 N. Y. 450.)

While the Legislature may and in certain cases does make taxes recoverable in an action, they do not ordinarily fall within the definition of debts stated above. Particularly is this true of taxes on real estate, where assessments are now made directly on the property itself (Tax Law, § 21, added by Laws of 1914, chap. 277, as amd. by Laws of 1916, chap. 323); and the name of the owner on the roll is for the purpose of identification. (*Smith* v. *Russell*, 172 App. Div. 793, 797; *Matter of Donner-Hanna Coke Corp.*, 212 id. 338, 340.) While the owner is personally liable for the tax on his property, collection is enforced by sale of personal property belonging to or in possession of the owner if a resident (Tax Law, § 71, as amd. by Laws of 1917, chap. 356), or by sale of the real property. (Id. § 150 *et seq.*, as amd.) The tax is not a sum that can be recovered in an action.

The testator ceased to be the owner of the property at the time of his death. Thereafter by the provisions of the will the life tenant and the remaindermen became the owners. (*Matter of Spears*, 89 Hun, 49.) It was the duty of the life tenant to pay the taxes, and if on her default a remainderman paid them to protect his title, his remedy was against the life tenant. (*Sidenberg* v. *Ely*, 90 N. Y. 257.)

As a sale for the payment of debts by a decree of the Surrogate's Court divests the heirs or devisees of legal title, the statute must be strictly followed. (*Matter of Roberts*, 214 N. Y. 369; *Matter of Reed*, Id. 383; 218 id. 711.) On this collateral attack on the decree, jurisdiction is only presumptive (Surrogate's Court Act, § 43), and if there is an absence of jurisdictional facts giving warrant for the sale, the decree is not conclusive (*Washbon* v. *Cope*, 144 N. Y. 287, 295; *Duryea* v. *Mackey*, 151 id. 204; *Ziemer* v. *Crucible Steel Co.*, 99 App. Div. 169; Jessup-Redfield Surr. [1925 ed.] §§ 208, 209) and must be deemed void. (*Tucker* v. *Tucker*, 4 Abb. Ct. App. Dec. 428, 431; *Roderigas* v. *East River Sav. Inst.*, 76 N. Y. 316.) The existence of a debt was an essential fact to confer jurisdiction (*Matter of Pirie*, 133 App. Div. 431; affd., 198 N. Y. 209), and unless a necessity for the sale existed there was no warrant for the proceeding. (*Personeni* v. *Goodale*, 199 N. Y. 323.) The taxes in question did not constitute debts against the estate which the representative might legally pay. (*Matter of Selleck*, 111 N. Y. 284; *Matter of Bussman*, 182 App. Div. 335.)

It is unnecessary to make more than passing comment on the

second objection urged by the defendant. The court had no authority to decree the sale of that portion of the property aliened by a devisee more than eighteen months after letters testamentary were first issued. (Surrogate's Court Act, § 233; *Dodge* v. *Stevens*, 105 N. Y. 585.) This defect in the title was evidently cured by a deed from the prior purchaser to plaintiffs.

The proceedings in Surrogate's Court being invalid for want of jurisdiction, the plaintiffs did not acquire good title, and, therefore, cannot convey a marketable title to defendant.

The question submitted should be answered in the negative, and the submitted controversy should be determined in favor of defendant, and judgment directed accordingly, with costs.

HUBBS, P. J., CLARK, SEARS and TAYLOR, JJ., concur.

Controversy determined in favor of the defendant and judgment granted accordingly, with costs to defendant.