ANNIE DONOVAN and Others, Appellants, *v.* IDA M. FLYNN and Others, Respondents.

Third Department, January 14, 1927.

Executors and administrators — sale of decedent's real property to pay creditor — validity of sale — property was left to creditor for life with remainder over — creditor proved claim and instituted proceedings in 1880 to have property sold — present action is in ejectment by remainder-man on ground that sale was invalid — decree authorizing sale may be attacked collaterally on question of jurisdiction — proceedings were commenced under Revised Statutes August 30, 1880, but service was not made until after September 1, 1880 — Code of Civil Procedure went into effect on September 1, 1880 — proceeding was governed by Code of Civil Procedure and not Revised Statutes — petition by creditor did not contain necessary jurisdictional allegations under Code and was not properly served — appointment of guardians for infants not named in petition did not give jurisdiction and validate proceedings — sale was void — plaintiffs are entitled to possession and deed given to creditor is canceled of record.

This is an action in ejectment by the remaindermen under a will which devised the life use of property to the son of the testator and is based on the theory that a sale of the property in 1880 in proceedings instituted by the life tenant,

as a creditor, was invalid. The decree of the surrogate authorizing the sale is subject to collateral attack on the ground of jurisdictional defects.

The life tenant commenced proceedings as a creditor on August 30, 1880, to have the property sold to satisfy debts. This proceeding was instituted under the Revised Statutes then in force but service was not made until after the 1st day of September, 1880, on which date the Code of Civil Procedure took effect. The proceedings, therefore, were governed by the rules of the Code of Civil Procedure, rather than by the Revised Statutes and supplemental legislation.

Inasmuch as the petition to sell the real property did not conform to the rules prescribed by section 2752 of the Code of Civil Procedure, in that it did not allege the necessary jurisdictional facts and inasmuch as service of citation was not properly made as therein prescribed, the alleged sale was invalid and no title passed to the life tenant who purchased on the sale.

The appointment of guardians for several infants who were not named in the petition to sell the real property and who were not served with process did not give the court jurisdiction and validate the proceedings.

Since the sale under the proceedings instituted in 1880 was invalid, the plaintiffs are entitled to succeed in this action and the deed given to the life tenant is canceled of record.

APPEAL by the plaintiffs, Annie Donovan and others, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Delaware on the 3d day of May, 1926, upon the decision of the court, a jury having been waived, dismissing the complaint upon the merits.

*Arthur G. Patterson* [*Howard A. Swartwood* of counsel], for the appellants.

*Edward E. Conlon* [*Andrew J. McNaught* of counsel], for the respondents.

McCANN, J. Thomas Flynn died in Delaware county in 1875, leaving a will by which he gave the farm in question to his son, John W. Flynn, for life and the remainder to the children of his daughter, Margaret Quinn. John W. Flynn died on August 13, 1924. The plaintiffs are the children of Margaret Quinn and the defendants are the devisees of John W. Flynn, the life tenant. In 1880 John W. Flynn proved a debt against the estate of Thomas, and as a creditor started a proceeding in the Surrogate's Court of Delaware county to sell this real estate to satisfy the debt. There being insufficient personal property, the real estate was sold and purchased by him, he thereby acquiring title to the entire fee, and it was then devised by him to the defendants, who now occupy the same. The remaindermen under his father's (Thomas) will have brought an action for ejectment, claiming that the sale was void.

The first point to consider is one raised by the defendants, that there cannot be a collateral attack of this nature. This very point

has been recently discussed in the Fourth Department, Mr. Justice DAVIS writing the opinion (*Wise* v. *Wedlake*, 217 App. Div. 210), in which he states: " As a sale for the payment of debts by a decree of the Surrogate's Court divests the heirs or devisees of legal title, the statute must be strictly followed. [Citing cases.] On this collateral attack on the decree, jurisdiction is only presumptive (Surrogate's Court Act, § 43) and if there is an absence of jurisdictional facts giving warrant for the sale, the decree is not conclusive [citing cases] and must be deemed void."

Plaintiffs present a number of alleged defects to show that jurisdictional facts were lacking and it follows that, if any one of the appellants' contentions is correct, the sale was void and this attack is proper. It must first be determined whether this proceeding was governed by the provisions of the Revised Statutes and the acts amendatory thereof and supplemental thereto, which were in force until September 1, 1880, or by the provisions of the Code of Civil Procedure, which went into effect on that date. By section 2516 of the then existent Code of Civil Procedure (Laws of 1880, chap. 178), all special proceedings in Surrogate's Court must be commenced by the *service* of a citation which was issued upon presentation of a petition. Throop's note to this section states that up to that time there were many ways of starting proceedings in Surrogate's Court and it was intended that the only method thereafter should be by citation. The defendants' claim is that being commenced by an order to show cause, the proceeding is not governed by that provision. There is no distinction affecting the procedure in this case, the two being of the same nature. Section 3347, subdivision 11, of the Code provides that a special proceeding commenced on or after September 1, 1880, is to be governed by the rules of the Code, and section 3348 states in substance that the date of commencing a proceeding is the date when the last necessary party is *served* with a citation. By chapter 443 of the Laws of 1914 former sections 2516 and 2517 of the Code of Civil Procedure were revised into section 2518 of such Code, which is now section 48 of the Surrogate's Court Act. The law was changed in 1914 so as to make the filing of petition the commencement of proceeding. The administrator with the will annexed of Thomas Flynn was served on September 2, 1880, the petition having been filed and the order to show cause issued on August 30, 1880. None of the other parties was ever served personally nor was publication made until after September first, consequently this proceeding is governed by the rules of the Code of Civil Procedure rather than by the Revised Statutes and supplemental legislation. The respondents claim that section 2517 of the then existent Code (Laws of 1880, chap. 178) made the

Revised Statutes still applicable. That section states: "The presentation of a petition is deemed the commencement of a special proceeding, within the meaning of any provision of this act, which limits the time for the commencement thereof." That has no application here as the limitation of time for the commencement is not involved in this particular question. That section is only to save the parties from the Statute of Limitations and is not a provision relating to when a proceeding is deemed commenced, so as to determine what procedure shall govern. Respondents also claim that section 3352 of the statute applies. This will be discussed later.

Under the Revised Statutes and the statutes amendatory thereof and supplemental thereto any one except a creditor was required to start a proceeding within three years for the sale of real estate to satisfy a claim, but no limitation of time was imposed upon a creditor, except in certain special cases not here material. Under the Code this general three-year limitation is also imposed upon creditors. (See 2 R. S. 100, § 1, as amd. by Laws of 1830, chap. 320, § 22; 2 R. S. 108, § 48, as repealed by Laws of 1837, chap. 460, § 74; Laws of 1837, chap. 460, § 72, as amd. by Laws of 1843, chap. 172; Laws of 1847, chap. 298; Laws of 1869, chap. 845, and Laws of 1873. chap. 211. See, also, Laws of 1880, chap. 245; Laws of 1880, chap. 178, §§ 2750, 3356.) This time had already expired. The appellants argue that the Code limitation applies. The point has been expressly decided in *O'Flynn* v. *Powers* (136 N. Y. 412, 420 *et seq.*) where the court held that under the above-mentioned section 3352 it is not necessary for a creditor to start within three years, although the proceeding was commenced after September 1, 1880, for the reason that section 3352 provides that nothing shall render ineffectual or otherwise impair any proceeding " or right, defence, or limitation, lawfully accrued or established, before the provision in question takes effect." The court held that this was a right which had accrued before the provision took effect and, therefore, the limitation did not apply. This point must, therefore, be decided against the appellants. The respondents also try to make this section applicable to the general point that the Revised Statutes should apply rather than the Code. This position is untenable, since matters of procedure are not " rights, defenses or limitations lawfully accrued or established," and the procedure must be governed by the Code except as to the three-year limitation.

The provisions for selling decedent's real estate must be strictly followed. (*Wise* v. *Wedlake, supra,* and cases cited.) In this proceeding there was not a strict compliance. The petition was defective in many respects and the court never acquired jurisdiction

of the parties. Section 2752 of the Code of 1880 (Laws of 1880, chap. 178) provided that the petition must set forth:

" 1. The unpaid debts of the decedent, and the name of each creditor, or person claiming to be a creditor; and the amount of the unpaid funeral expenses of the decedent, if any, and the name of each person to whom any sum is due by reason thereof.

" 2. A general description of all the decedent's real property, and interest in real property, within the State, which may be disposed of as prescribed in this title; a statement of the value of each distinct parcel; whether it is improved or not; whether it is occupied or not; and, if occupied, the name of each occupant. * * *

" 3. The names of the husband or wife, and of all the heirs and devisees of the decedent, and also of every other person claiming under them, or either of them, stating who, if any, are infants; the age of each infant, and the name of his general guardian, if any * * *.

" 4. If the petition is presented by an executor or administrator, the amount of personal property which has come to his hands, and those of his co-executors or co-administrators, if any; the application thereof, and the amount which may yet be realized therefrom."

The petition in this proceeding did not show any debts owing by the estate except that of the claimant. It did not contain a description of the real estate of the decedent with the value of the respective lots, nor whether they were occupied, nor the names of the occupants. It did not give the names and ages of the heirs or devisees or mention who, if any, were infants. It was directed in general terms to whoever was interested. Furthermore, it was not served upon any of the parties interested who are plaintiffs in this action, the only other service being by publication in the State paper in Albany and in the local paper in Delaware county. These defects were fatal. (See cases cited, *supra*.)

The court appointed guardians for several infants who were not named in the petition and who were not served with process, and sought thereby to acquire jurisdiction and validate the proceedings by consent of such guardians. The court had no jurisdiction over such infants for the purpose of appointing guardians for them, and hence the provision subsequently inserted in the order of reference for amending the petition by inserting the omitted matters was wholly without effect for the purpose of curing the defects. (See *Dennis* v. *Jones*, 1 Dem. 80.)

The judgment should be reversed on the law and facts, with costs, and judgment directed in favor of the plaintiffs, with costs, declaring the sale void, and the deed canceled of record, and

adjudging that the plaintiffs are the owners of and entitled to the immediate possession of the real estate described in the complaint.

COCHRANE, P. J., VAN KIRK, HINMAN and DAVIS, JJ., concur.

DAVIS, J. (concurring). The plaintiffs have been deprived of their property without actually having a day in court. It is claimed by respondents that they had all the notice the law required at the time the proceeding was commenced in the Surrogate's Court.

It is likely that prior to September 1, 1880, such a proceeding was deemed commenced by the filing of a petition and the issuance of process; and that actual service was not necessary if the time of the commencement of the proceeding was in question. Such seems to have been the common-law rule in this State relative to the commencement of actions either at law or in equity (*Webb* v. *Pell*, 1 Paige, 564; *Koon* v. *Greenman*, 7 Wend. 121; *Van Hoesen* v. *Holley*, 9 id. 209; *Jackson* v. *Brooks*, 14 id. 649); and there seems to have been no statute providing a different rule in Surrogate's Court. So the proceeding might be deemed commenced and would have followed the former practice, except for the fact that a different rule was prescribed as to future proceedings. Section 3348 of the Code of Civil Procedure (effective September 1, 1880) provided that in proceedings of this nature where " a citation issued from a Surrogate's Court, has been served upon one or more, but not upon all, of the persons to be served * * * the * * * proceeding is not deemed to have been commenced * * *." No citation or equivalent process had been served on September 1, 1880. The procedure prescribed by the new Code then became controlling and the plaintiffs were entitled to be served with citations. The subsequent proceedings were invalid.

Even were we to hold that the administrator was entitled to proceed under the former statute we would still be obliged to reach the same conclusion. The contents of the petition were also prescribed by the Revised Statutes. (2 R. S. 100, § 2.) There was failure to state essential jurisdictional facts in the petition; and there was such gross irregularity in the later proceedings that the surrogate was not justified in ordering a sale. There were infants, who never in person or by guardian were given opportunity to question the claim of the life tenant, at whose behest the proceeding was undertaken; or to be represented in any way until after their property had been sold and conveyed away. It was then that a *nunc pro tunc* order was made, not at their request for they knew nothing about it at all, appointing a special guardian who did nothing and could do nothing. Thus was an attempt

made to give color of legality to that never having legality. Orders *nunc pro tunc* are to correct informalities in the record, not to deprive parties of valuable rights. I deem further discussion of the facts unnecessary. In order that an heir or devisee, particularly an infant, may be divested of his title to real property in such a proceeding there must be strict compliance with the statute. (*Matter of Reed,* 214 N. Y. 383; *Matter of Roberts,* Id. 369.)

The provisions of the statute were not followed here, whether we assume that either the old or the new practice applied to this proceeding. The plaintiffs were deprived of their property without due process of law. The validity of the decree is presumptive only and may be attacked collaterally if lack of jurisdictional facts is shown. (*Washbon* v. *Cope,* 144 N. Y. 287, 295; *Roderigas* v. *East River Sav. Inst.,* 76 id. 316.) Under such circumstances as have been here presented, courts will not be zealous to find some theory upon which the method of depriving infants of their property may be sustained.

The Statute of Limitations has not run. The plaintiffs as remaindermen did not become entitled to possession until the death of the life tenant. (*Jefferson* v. *Bangs,* 197 N. Y. 35.) I concur for reversal.

Judgment reversed on the law and facts, with costs, and judgment directed in favor of the plaintiffs, with costs, declaring the sale void, and the deed canceled of record, and adjudging that the plaintiffs are the owners of and entitled to the immediate possession of the real estate described in the complaint.

The court amends, disapproves and makes new findings, as follows:

Eleventh finding is amended by inserting in line four the words " in form " after the words " decree was."

Twelfth finding is amended by inserting in the first line the words " in form " after the word " was."

Seventeenth finding is amended by inserting after the word " conveyance " in the first line the words " in form."

Eighteenth finding is amended by inserting in line one after the word " Flynn " the words " as life tenant."

Twenty-third finding is amended by inserting in line two after the word " premises " the words " in form."

The four conclusions of law are disapproved.

The court finds all facts contained in plaintiffs' request No. 14; and finds plaintiffs' proposed conclusions of law.