GEORGE B. JOHNSTON, Plaintiff, *v.* HARVEY T. JOHNSTON, Individually and as Administrator, etc., of LILLIAN M. JOHNSTON, Deceased, and EDITH JOHNSTON and Others, Copartners, Doing Business under the Firm Name and Style of JOHNSTON & BOJO, Defendants.

Supreme Court, Delaware County, February 7, 1928.

Surrogate's Court — jurisdiction — action to set aside sale of decedent's real estate, pursuant to Surrogate's Court Act, § 234, subd. 6 — Surrogate's Court had jurisdiction to order sale on petition of widow — plaintiff son, on becoming of age, had right to invalidate sale because of fraud — ratification of transaction by son does not now bar action to set aside conveyance — plaintiff is party in interest — widow, as tenant in common with sons in premises, is liable to them for proceeds derived from sale of sand — lease by widow of rights in sand not void — plaintiff cannot be required to restore proceeds of sale of real estate — plaintiff is entitled to have money paid for property treated as equitable mortgage — accounting as to sand granted.

In this action, wherein plaintiff seeks to set aside a sale of decedent's real estate, made under an order pursuant to subdivision 6 of section 234 of the Surrogate's Court Act, it appears that decedent, after giving the life use of all his property to his widow and a certain sum to one son, directed that the remainder be given to two sons when they reached the age of twenty-one. It appears that one of the sons, defendant here, sold and conveyed to his mother all the rights and interest in property which descended to him upon the death of his brother.

Upon the death of the testator, title to his property vested immediately in those sons who survived him; subject to the use of decedent's widow, with payment over deferred until said sons should attain majority. With the life tenant having consented that her interest be admeasured and fixed, under an order of the surrogate, the use and remainder thereupon became available for the benefit of the remaindermen, so that their interest was transferred from the real property to the proceeds, with the disposition thereof necessarily remaining subject to the same limitations and conditions under the will as attached to the real property.

The Surrogate's Court, therefore, had jurisdiction, under subdivision 6 of section 234 of the Surrogate's Court Act, for that subdivision permits the sale of decedent's real property for the payment and distribution to the parties entitled thereto, where any or all are infants.

Plaintiff, on attaining his majority, had the right to question the sale and attack the jurisdiction of the Surrogate's Court, on the ground of fraud, in that the widow, as administratrix, made conveyance of the property to a third party in form to effectuate the transfer of the property to herself. The fact that plaintiff ratified the transaction by accepting his share of the proceeds from the sale, as determined by the surrogate, does not now bar him from applying to set aside the conveyance, where it appears that he did not know his rights in the matter until after the conveyance, since, in order to constitute ratification, there must be knowledge of the facts by the person making ratification.

Moreover, plaintiff is a party interested in this proceeding, since it appears that

he now remains the owner of three-eighths of said real property, subject to certain dower rights and equities.

The widow, as tenant in common with her sons in the premises, was liable to account to them as cotenants for the proceeds derived from the sale of sand, which was removed from the premises.

Notwithstanding the fact that the conveyance made in the Surrogate's Court may be annulled, it does not necessarily follow that the lease or right to remove sand, granted by the widow, should be annulled, since she was an owner of an undivided interest in the real property, and could lease that interest; the lease was neither illegal nor void, and whatever legal rights the lessees acquired from her relative to the sand, remained with them.

Plaintiff cannot be required to restore the amount he has accepted covering the proceeds of the sale of the real estate, since the amount which he has received is less than that which belongs to him.

Plaintiff is entitled to have the money paid for the property, in the proceeding in the Surrogate's Court, treated as an equitable mortgage; the rights and the interests in the property determined; an allowance made for the improvements placed upon the premises by the widow; and an accounting for the amount received by her for the sand removed from the premises.

ACTION to set aside sale of decedent's real estate made under order pursuant to subdivision 6 of section 234 of the Surrogate's Court Act.

*A. G. Patterson,* for the plaintiff.

*L. F. Raymond* [*Arthur F. Curtis* of counsel], for defendant Harvey T. Johnston, individually and as administrator, etc.

RHODES, J. This is an action in equity wherein plaintiff seeks to set aside a sale of a decedent's real estate made under an order of the Surrogate's Court pursuant to subdivision 6 of section 234 of the Surrogate's Court Act; also plaintiff seeks other incidental relief.

The property in question was owned by Charles H. Johnston, who died about February 2, 1917, leaving a will whereby he gave all of his property to his wife " Lillie " (Lillian) Johnston " so long as she shall live and shall remain a widow." Upon the death or remarriage of his said wife, testator gave to his son Harvey T. Johnston the sum of $500. The residue of his estate is disposed of by the " fourth " and " fifth " paragraphs of his said will, as follows:

" *Fourth.* I give, devise and bequeath all the rest, remainder and residue of my property upon the death or remarriage of my wife Lillie Johnston, to my sons Roscoe Johnston and George Johnston to have the same forever.

" *Fifth.* I further authorize my executor and direct that the said money and property shall not be given to either of my said sons until he shall have reached the age of twenty-one years. And in case of my wife's death before either or both of my said boys

become of age, I direct my executor to invest the money and property for the said son or sons until they reach maturity."

Charles H. Johnston left surviving him his said wife and his sons Harvey T. Johnston, Roscoe Johnston and George H. Johnston his only heirs at law.

George H. Johnston was an infant under the age of twenty-one years and became twenty-one years of age on the 3d day of April, 1925.

Roscoe Johnston died intestate March 10, 1920, leaving no children or descendants but leaving a widow, Martha Johnston, and his mother, the said Lillian M. Johnston, and his brothers Harvey T. Johnston and George H. Johnston, his only heirs at law.

Thereafter by deed dated August 14, 1920, Harvey T. Johnston and wife, Edith Johnston, sold and conveyed to the said Lillian M. Johnston all the rights, interests and property which descended to him by the death of Roscoe Johnston as his heir or otherwise. By a petition dated October 11, 1921, and verified October 12, 1921, Lillian M. Johnston made application to the Surrogate's Court of Delaware county for permission to sell the real estate of said Charles H. Johnston, deceased, which included the property in the town of Hancock now in question. The petition set forth, among other things, that said property was run down and in a dilapidated condition; that the petitioner had no property with which to repair or keep the same; that the interests of said infant under the conditions were of no value to him and that he derived no benefit therefrom; that it was for the best interests of said infant and necessary for said infant to have his vested remainder and share in the estate of Charles H. Johnston determined and placed in money whereby he might have the income and use thereof for his support, maintenance and education. An affidavit was sworn to by said petitioner on November 7, 1921, reciting that it was supplemental to the said petition in said proceeding and also reciting that the petitioner was then of the age of forty-seven years. Accompanying said affidavit was a paper executed and acknowledged by the petitioner whereby she consented to accept the cash value of the life estate bequeathed and devised to her by the will of her said husband and consented to have the same administered. By a petition verified November 7, 1921, said Lillian M. Johnston applied to the Surrogate's Court of Delaware county for letters of administration with the will annexed upon the estate of said Charles H. Johnston, said petition reciting that Thomas B. Crary, the executor named in said will, was dead, and letters of administration c. t. a. were thereupon issued to said petitioner under date of November 10, 1921. On the same day,

November 7, 1921, an order of the surrogate of Delaware county was made reciting the filing of said petition for said sale and due proof of service of citation upon all persons interested in the distribution of the real property of said Charles H. Johnston, deceased. It then ordered said Lillian M. Johnston, administratrix with the will annexed of said Charles H. Johnston, deceased, to sell at private sale the real estate mentioned and described in said petition for not less than $1,000 for the parcel of land in question situate in the town of Hancock, N. Y. The portion thereof situate in the town of Franklin, N. Y., was directed to be sold for a sum not less than $150. By two separate deeds, each dated November 9, 1921, and acknowledged November 10, 1921, the said Lillian M. Johnston, as administratrix c. t. a., conveyed to Amos Bojo the said real property ordered to be sold by said surrogate and by deed dated November 9, 1921, acknowledged November 10, 1921, the said Bojo conveyed said property to said Lillian M. Johnston. An order in said proceeding was made by the Surrogate's Court of Delaware county bearing date November 16, 1921, which ordered that all of the acts of said administratrix " are hereby approved, ratified and confirmed."

Plaintiff attacks the order of the surrogate directing a sale and conveyance by the administratrix c. t. a. of the property of said Charles H. Johnston upon the ground that the surrogate had no jurisdiction nor authority under subdivision 6 of section 234 of the Surrogate's Court Act to order a sale of testator's property, asserting that the remaindermen were not entitled to the payment of their respective shares until they should respectively arrive at the age of twenty-one years; that the provision in testator's will to the effect that the property in question should not be given to either of his said sons until he should reach the age of twenty-one years, was in the nature of a trust; that a sale of the share of the infant was in contravention of such trust and destroyed and defeated the intent and purpose of the testator. Section 234, as it existed at the time the proceeding was instituted and carried on and the conveyances were made, provided that the real property of a decedent might be sold, among other things, " 6. For the payment and distribution of their respective shares to the parties entitled thereto, where any or all of said parties are infants, proven or adjudged incompetents, absentees, or persons unknown, whenever in his discretion the surrogate may so direct." I do not think the surrogate was without jurisdiction to order the sale under this subdivision of the section. The life tenant consented to the sale. It is a canon of construction that the law favors the immediate vesting of title and interest under a will. It seems to me upon the

death of the testator the title to his property vested immediately in his said sons Roscoe and George, subject to the use of Lillian M. Johnston, but the payment over and enjoyment thereof were deferred until the remaindermen should attain majority. The life tenant having consented that her interest be admeasured and fixed, the use and income of the remainder thereupon became available for the benefit of the remaindermen, and their enjoyment thereof was thereby accelerated. The interest of the remaindermen was transferred from the real property to the proceeds, and the disposition thereof necessarily remained subject to the same limitations and conditions under the will as attached to the real property. The provisions of subdivision 6 of section 234 of the Surrogate's Court Act relative to a sale of a decedent's real property do not appear to be solely for the benefit of infant owners of real estate. The subdivision permits the sale for the payment and distribution to the parties entitled thereto where any or all are infants. It does not say that such sale is permitted for the sole benefit of the infant. Plaintiff claims that injuries resulted from the fact that the life use of the widow was determined as amounting to twenty-three and eight-tenths years expectancy, whereas it now appears that she died three and thirty-three one-hundredths years after the proceedings to administer. This, however, is not a question going to the jurisdiction of the surrogate, but was a matter seemingly to be addressed to his discretion as to whether or not a sale should be ordered in view of the then existing facts.

Plaintiff further asserts that the sale and conveyance by the administratrix was fraudulent and voidable because of the fact that the conveyance while in form made by her to Amos Bojo, was in reality a sale wherein she purchased the property and that Bojo simply was an intermediary and that the conveyance by the administratrix to him was simply in form to effectuate the transfer of the property to the administratrix. In this contention I think the plaintiff is correct. Section 43 of the Surrogate's Court Act provided at the time of the proceeding and now provides: " Where the jurisdiction of a Surrogate's Court to make a decree or other determination is drawn in question collaterally, the jurisdiction is presumptively, and, in the absence of fraud or collusion, conclusively, established, by an allegation of the jurisdictional facts, contained in a written petition or answer, duly verified, used in the Surrogate's Court. The fact that jurisdiction of the parties was obtained is presumptively proved by a recital to that effect in the decree." Here the jurisdiction is attacked because of fraud, that is, the purchase by the administratrix of the property of the estate. It has always been the law of this State that such a purchase is

voidable and, therefore, a fraud in law. (See *Terwilliger* v. *Brown*, 44 N. Y. 237; *Case* v. *Carroll*, 35 id. 385; *Forbes* v. *Halsey*, 26 id. 53; *Gardner* v. *Ogden*, 22 id. 327.) So far as I have discovered from the record, there was nothing produced before the surrogate in the proceeding in question to show that Lillian M. Johnston had purchased the property. But even if this fact did appear, I do not think it would bar the plaintiff upon arriving at age from seeking to set aside the sale and conveyance because of the wrongful and prohibited act of the administratrix c. t. a.

The defendants raise the objection that said plaintiff was represented by a special guardian before the surrogate in the proceedings to sell real estate and that the special guardian consented to the sale. It seems to me that so far as the guardian had authority to consent or to act for the infant, such acts necessarily were required to be predicated upon a proceeding properly conducted without fraud on the part of the administratrix. I do not think it should be held that the special guardian of the infant had authority to consent to an unlawful or fraudulent act to the extent of barring action on the part of the plaintiff to set aside the same upon his arrival at majority.

It is claimed by the defendants that the plaintiff has ratified the transaction and, therefore, cannot now ask to have it set aside. After plaintiff arrived at the age of twenty-one years, he received his share of the proceeds of the sale as fixed and determined by the surrogate and signed and executed a receipt therefor under seal, the same being dated August 25, 1925. He also by a written instrument dated April 17, 1926, and acknowledged by him on April 20, 1926, entered into a contract for the sale by him and his wife to Irving Cochrane of an undivided one-half interest in and to the premises situate in the town of Hancock, N. Y., which were a part of the real property involved in the sale by the said Surrogate's Court, his intention apparently being to transfer the interest he believed had descended to him from his mother. Plaintiff testified that he did not know of his rights in the matter until thereafter and there is nothing to show that he did. In order to constitute ratification, there must be knowledge of the facts by the one ratifying. This is elemental. (*Barber* v. *Kendall*, 1 App. Div. 247; *McNaught* v. *Equitable Life Assurance Society*, 136 id. 774; *Cobb* v. *Hatfield*, 46 N. Y. 533.) As was said by Mr. Justice DAVIS in *Donovan* v. *Flynn* (219 App. Div. 471): " Under such circumstances as have been here presented, courts will not be zealous to find some theory upon which the method of depriving infants of their property may be sustained."

A further objection is made by the defendants that the plaintiff

is not the real party in interest, this objection being based upon said land contract made between George H. Johnston and wife, as vendors, and Irving Cochrane, as vendee, dated April 17, 1926, wherein said vendor contracted to convey to the vendee an undivided one-half interest in said real property in the town of Hancock. By said contract the said George H. Johnston " agrees that this transfer shall include the interest of George H. Johnston as heirs [*sic*] at law, in said real property and that said interest consists of an undivided one-half interest." It further recites that said real estate " is also liable for its *pro rata* share of the debts of Lillian Johnston, deceased, which liability may be deducted from the above stipulated purchase price."

Said Lillian M. Johnston had died intestate on the 11th day of March, 1925, leaving as her only surviving children and heirs at law and next of kin her sons the said George H. Johnston and Harvey T. Johnston. It thus appears that the plaintiff acquired a half interest in the said real estate under the will of his father, Charles H. Johnston. In addition plaintiff became entitled upon the death of Roscoe Johnston to one-half of the share of Roscoe under the will of his father. In other words, plaintiff is the owner of a one-half interest passing to him under the will of his father, and a one-quarter interest which descended to him upon the death of his brother Roscoe. He is also the owner of a one-eighth interest in said real estate in question, being one-half of the one-quarter interest conveyed by Harvey T. Johnston and wife to Lillian M. Johnston, which said interest descended to said Harvey T. Johnston upon the death of Roscoe. It thus appears that plaintiff remains the owner of three-eighths of said real property after having disposed by land contract of a one-half interest in and to said real property, and, therefore, plaintiff is a party in interest here.

After Lillian M. Johnston became the owner of a one-fourth interest in the real estate of Charles H. Johnston, under deed from Harvey Johnston, and on September 18, 1924, she executed an agreement in writing to Thomas D. Johnston and Amos Bojo by which she granted to them the right to remove sand from said land in the town of Hancock for a period of twenty years for the sum of ten cents per ton for each ton which they removed therefrom. Pursuant to this agreement sand has been removed from said premises and plaintiff asks that he be awarded his proportionate share of the proceeds derived therefrom. Lillian M. Johnston, when she made the said agreement, being a tenant in common with others in said premises, was liable to account to her cotenants for the proceeds derived from the sale of said sand.

The defendants assert that if the conveyance made in Surrogate's Court is to be annulled, the lease or right to remove sand granted by said Lillian M. Johnston shall also be annulled. As already pointed out, she was an owner of an undivided interest in the real property and could lease her interest. If the parties under the lease are committing waste, the cotenants have their remedy by injunction, but I do not think the facts warrant the court in annulling this agreement as to the sand. If the party holding the rights as to the sand contracted by Lillian M. Johnston are exceeding the rights acquired by them under the agreement, they can be restrained, but the lease was not illegal nor void and whatever lawful rights the parties acquired from Lillian M. Johnston relative to the sand remain with them.

Defendants further insist that rescission of the deed made pursuant to the proceedings in Surrogate's Court should be denied because the parties cannot be placed *in statu quo* and that the plaintiff makes no offer to restore what he had accepted as to the proceeds of the sale. The amount which plaintiff has received is less than the amount which belonged to him and to which he was entitled. He simply retains in his possession what was already his and that which he was already entitled to. Under the circumstances I do not think he is required to restore or to offer so to do.

Plaintiff does not go to the extent of asking the full relief to which perhaps he would be entitled. He simply asks that the amount paid for the property in the proceeding in Surrogate's Court for the sale thereof be treated as an equitable mortgage; that the rights and interests in the property be determined; that an allowance be made for the improvement placed upon the premises by Lillian M. Johnston and that an accounting be had for the amount received by her for the sand removed from the premises, with such other incidental relief as may be necessary equitably to adjust the rights of the respective parties.

I think that the plaintiff has shown himself entitled to relief and that he has demanded appropriate relief which equity should so mould and direct as to work out justice according to the rights of the parties. As to the accounting relative to the sand, it was directed upon the trial that a fuller accounting might be had later should it develop that such an accounting is necessary or desirable herein. The parties may have a further accounting herein or may pursue their rights thereto in such other form as they desire.

Judgment should be granted, with costs to be fixed and determined after hearing the respective parties. The form of judgment also to be settled either upon notice or by consent.